OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division, insofar as appealed from, should be reversed, with costs, defendant Pete’s Tavern’s motion for summary judgment granted, and the complaint and all cross claims against Pete’s Tavern dismissed. The certified question should be answered in the negative.
 

 In May 1991, plaintiff Ruth MacLeod sustained injuries when she slipped and fell on the sidewalk in front of the restaurant and bar known as Pete’s Tavern. Pete’s Tavern has an outdoor cafe adjacent to the building which extends onto the sidewalk for approximately four to five feet and is bordered by a wrought iron guardrail located on the sidewalk.
 

 On the day in question, plaintiff saw an unidentified waiter and group of people standing on the sidewalk outside the guardrail surrounding the outdoor cafe. Plaintiff stated that in order to pass it was necessary to walk around the waiter and people standing at the guardrail into the middle of the sidewalk, where she tripped and fell in a hole or depression in the sidewalk. She claimed not to have noticed the hole prior to falling because she was walking around the crowd gathered at the guardrail.
 

 Plaintiff commenced this action seeking damages from, among others, the lessee of the abutting property, Pete’s Tavern, for personal injuries allegedly sustained from the fall.
 
 *914
 
 Pete’s Tavern moved for summary judgment dismissing the complaint and all cross claims against it. Supreme Court denied the motion and the Appellate Division, with one Justice dissenting, affirmed. We now reverse.
 

 The question presented is whether the special use of the sidewalk represented by the outdoor cafe extended beyond the guardrail to include the public sidewalk area in which plaintiff fell. Neither the existence of the crowd nor the fact that one of defendant’s employees was seen on the sidewalk outside the rail creates a triable issue of fact in this respect.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur in memorandum.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order, insofar as appealed from, reversed, etc.