[669 NYS2d 562]

MARY A. MONTALVO, Respondent, v WESTERN ESTATES, LTD., et al., Defendants, and NEW BROAD DELI & GROCERY et al., Appellants.

First Department, March 5, 1998

## APPEARANCES OF COUNSEL

*Frederick B. Simpson* of counsel (*Brendan T. Fitzpatrick* on the brief; *Ahmuty, Demers & McManus,* attorneys), for respondent.

*Rachael S. Charow* of counsel *(Jackson & Consumano,* attorneys), for New Broad Deli & Grocery, appellant.

*Tedd Kessler* of counsel *(Roderick J. Cassidy* on the brief; *Kessler & Widowski,* attorneys), for Norden Restaurant Corp., appellant.

*Michelle S. Russo* of counsel *(Chesney, Murphy & Moran,* and *Isabella Natale,* attorneys), for Empire Carting Company, appellant.

**OPINION OF THE COURT**

SULLIVAN, J. P.

On December 13, 1990, at approximately 1:40 P.M., plaintiff, while walking on Water Street from her Broad Street office, slipped and fell on the sidewalk just off the corner of Water and Broad Streets, in front of the New Broad Deli & Grocery, a defendant herein, located at 105 Broad Street, and sustained a bimalleolar fracture of the right ankle. Plaintiff claims that she slipped and fell on a slick, oily substance. Although conceding that she did not know what the oily substance was and that, after the fall, she did not observe the substance that caused her to fall, she concluded that it was salad dressing or oil because, before the fall, she had observed such a substance leaking out of a dumpster located three or four feet from where she fell. Nor did plaintiff know for how long the slick substance had been on the sidewalk before her fall. The dumpster, open and, according to plaintiff, used by passersby as a garbage receptacle, was overstuffed. At the time, and as she had observed on other occasions, the area around the dumpster was "messy". She had also often observed the slick condition on the sidewalk in the year prior to the accident.

According to the Deli, the owner personally swept and picked up garbage on the sidewalk in front of the Deli at least three times a day. In fact, he had swept the sidewalk approximately 40 minutes before plaintiff's fall. The Deli stored its garbage inside the store in trash cans, which it brought outside and emptied into a private sanitation truck each day. The IAS Court denied the Deli's motion for summary judgment dismissing the complaint and all cross claims against it, from which disposition the Deli appeals.

Another defendant appealing from the denial of its cross motion for summary judgment, Empire Carting Company, a commercial rubbish carter, serviced Fraunces Tavern, also located on Broad Street, and furnished it with two garbage dumpsters, placed on Water Street, which it emptied five times a week be-

tween the hours of 1:00 and 3:00 A.M. The allegation of fault as to Empire is that it negligently permitted the dumpsters "to become dilapidated and in disrepair", resulting in "debris deposited therein to emanate to the sidewalk." Despite some inconsistency between the parties as to the physical condition of the dumpsters, Empire had never received a complaint that they leaked. Empire did not have a contract with the Deli or its landlord to service the store premises. Fraunces Tavern, which also appeals from the denial of its cross motion for summary judgment, is charged with the creation of the dangerous condition and also with a failure to act despite knowledge of the dangerous condition.

Generally, the municipality has the responsibility for maintenance of sidewalks so that they may be safely traveled upon by those who use them. (*City of Rochester v Campbell*, 123 NY 405, 411; *see, D'Ambrosio v City of New York*, 55 NY2d 454.) This principle flows from the fact that it is the municipality, not the abutting owner, that has control of the sidewalks. (*Rooney v City of Long Beach*, 42 AD2d 34, 37-38, *appeal dismissed* 33 NY2d 897.) Thus, an owner or one in possession of property will not be liable to a pedestrian injured by a condition on a public sidewalk abutting the premises unless the owner or possessor created the dangerous condition (*Davenport v Apostol*, 26 AD2d 874, *affd* 22 NY2d 943; *see, Mandel v City of New York*, 44 NY2d 1004) or caused the condition to occur because of some special use (*Rooney v City of Long Beach*, *supra*, 42 AD2d, at 36; PJI 2:111) or a statute or ordinance placed the obligation to maintain the sidewalk upon the owner or possessor (*Bloch v Potter*, 204 AD2d 672).

In the City of New York the maintenance and repair of the sidewalks is the responsibility of the City and the abutting owner. (*Coppersmith v City of New York*, 194 AD2d 586; *see also*, NY City Charter § 2904; Administrative Code of City of NY § 19-152.) A statute, ordinance or municipal charter will not, however, impose tort liability upon abutting owners based on their negligent conduct unless the language thereof not only charges the landowner with a duty but also specifically states that if the landowner breaches that duty he will be liable to those who are injured as a result of a sidewalk defect or unsafe condition. (*Kiernan v Thompson*, 137 AD2d 957, 958; *Jacques v Maratskey*, 41 AD2d 883.) Neither the Charter nor the Administrative Code contains such a provision.

Thus, in the absence of proof that the Deli created the condition complained of or that the condition was caused because of

the Deli's special use of the sidewalk, liability cannot be imposed against it for this accident. Nor can it be held liable for a condition caused by another's special use of the sidewalk, i.e., the placement of the dumpster thereon. Since plaintiff offers no proof, whatsoever, of fault against the Deli, its summary judgment motion should have been granted.

A different case, however, is presented with respect to Fraunces and Empire. The latter's operations field manager admitted that the dumpsters provided to Fraunces were "old and I'm sure on the bottom there's plenty of holes where liquids would drain out onto the sidewalk." Since there is a showing of a continuing leaking condition for at least a year before the accident, summary judgment was properly denied as to Empire, the provider of the allegedly defective dumpster, and Fraunces, for whose special benefit the dumpsters were provided.

Accordingly, the order of the Supreme Court, New York County (Charles Ramos, J.), entered September 26, 1996, which, to the extent it denied the motion of defendant New Broad Deli & Grocery and the cross motions of defendants Norden Restaurant Corp., d/b/a Fraunces Tavern, and Empire Carting Company for summary judgment dismissing the complaint and all cross claims against them, should be modified, on the law, to grant New Broad Deli & Grocery's motion and, except as thus modified, affirmed, without costs or disbursements. The Clerk is directed to enter judgment in favor of defendant-appellant New Broad Deli & Grocery dismissing the complaint and all cross claims as against it.

WILLIAMS, MAZZARELLI and ANDRIAS, JJ., concur.

Order, Supreme Court, New York County, entered September 26, 1996, modified, on the law, to grant the motion of defendant New Broad Deli & Grocery, and, except as thus modified, affirmed, without costs or disbursements.