■ SHIRLEY SCHREIBER et al., Respondents, v GOLDLEIN REALTY CORP., Appellant, et al., Defendants. [673 NYS2d 723] —In an action to recover damages for personal injuries, etc., the defendant Goldlein Realty Corp. appeals from so much of an order of the Supreme Court, Kings County (Barasch, J.), dated June 3, 1997, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the appellant's motion is granted, and the complaint is dismissed.

The plaintiff Shirley Schreiber was injured when she slipped and fell on a greasy spot on the public sidewalk abutting the premises owned by the defendant Goldlein Realty Corp. (hereinafter the landlord), and leased to a party not joined in this action. The plaintiffs alleged that the landlord negligently permitted vehicles to park on the public sidewalk in front of its premises, thereby allowing oil, grease, and other slippery substances to accumulate and remain there. The Supreme Court denied the landlord's motion for summary judgment, concluding that there are issues of fact as to whether the landlord actually caused the defective condition or caused it to occur because of a special use. We disagree and grant the landlord's motion.

It is well settled that an out-of-possession lessor is not liable for injuries that occur on the premises unless the lessor has retained control or is contractually obligated to repair an unsafe condition (*Gilbert v 4905 Ave. D Realty,* 224 AD2d 659; *Pirillo v Long Is. R. R.,* 208 AD2d 818; *Aprea v Carol Mgt. Corp.,* 190 AD2d 838). The record reveals that the landlord was not involved with any of the tenant's operations. Therefore, it cannot be responsible for creating the defective condition. Moreover, since the sidewalk parking was available to the public in general, the special use doctrine is not applicable. "The special use is a use different from the normal intended use of the public way, and thus, '[t]he special use exception is reserved for situations where a landowner whose property abuts a public street or sidewalk derives a special benefit from that property unrelated to the public use'" (*Minott v City of New York,* 230 AD2d 719, 720, quoting *Poirier v City of Schenectady,* 85 NY2d 310, 315). Bracken, J. P., Copertino, Santucci, Florio and McGinity, JJ., concur.