■ ALVIRA WALDRON, Appellant, v CITY OF NEW YORK, Defendant, and SONIA LASHLEY et al., Respondents. [688 NYS2d 219]

—In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Held, J.), dated January 28, 1998, as granted the separate cross motions of the defendants Sonia Lashley and Conrad McCook for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff allegedly sustained injuries when she tripped and fell on a triangularly-cracked portion of a public sidewalk abutting attached premises located at 702 and 706 Lincoln Avenue in Brooklyn. The plaintiff brought the present action against both the defendant City of New York and the respondent owners of the premises abutting the sidewalk. The action against the City was subsequently discontinued.

The respondents' cross motions for summary judgment were properly granted. The law is well settled that an abutting landowner will not be liable to a person passing by on a public sidewalk unless the landowner created the defective condition or caused the defect to occur because of some special use, or unless a statute or ordinance placed the obligation to maintain the sidewalk upon him or her and imposed tort liability for failure to do so (*see, Alessi v Zapolsky,* 228 AD2d 531; *Figueroa v City of New York,* 227 AD2d 373).

The plaintiff failed to raise a triable issue of fact (*see,* CPLR 3212 [b]) as to whether the respondents created the defect, whether the defect arose because of the respondents' special use of the sidewalk as a driveway, or whether the respondents breached a statutory duty to maintain the sidewalk. O'Brien, J. P., Friedmann, Florio and McGinity, JJ., concur.