■ KATHLEEN CAHILL et al., Respondents, v FOODLAND DELI OF L.I., INC., Defendant, and MARIA MAROTTA, Appellant. [705 NYS2d 299] —In an action to recover damages for personal injuries, etc., the defendant Maria Marotta appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated July 28, 1999, which denied her motion for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

An owner of land abutting a public way does not, solely by reason of being an abutting owner, owe a duty to keep the public way in a safe condition (see, Loforese v Cadillac Fairview Shopping Ctrs., 235 AD2d 399; Hinkley v City of New York, 225 AD2d 665). Rather, "[l]iability may only be imposed on the abutting landowner where the landowner either (a) created the defective condition, (b) voluntarily but negligently made repairs, (c) created the defect through special use, or (d) violated a statute or ordinance which expressly imposes liability on the abutting landowner for failure to repair" (Loforese v Cadillac Fairview Shopping Ctrs., supra, at 399-400; see also, Waldron v City of New York, 260 AD2d 471; Alessi v Zapolsky, 228 AD2d 531). Here, the appellant's motion for summary judgment should have been granted, as the Supreme Court erred when it found the existence of a question of fact on the issue of whether the appellant made a special use of the public way (see, Kaufman v Silver, 90 NY2d 204; Schreiber v Goldlein Realty Corp., 251 AD2d 315; Minott v City of New York, 230 AD2d 719).

The plaintiffs' remaining contentions are without merit. Bracken, J. P., Joy, Thompson, Goldstein and Feuerstein, JJ., concur.