■ LORETTA NAPOLI, Appellant, v RUDOLPH MENICUCCI et al., Respondents. [752 NYS2d 675] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (J. Leone, J.), dated January 9, 2001, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, who was moving out of the apartment she rented from the defendants, placed her mattress on the floor of the living room, after a moving company had removed the majority of her other furniture. Before going to sleep that evening, the plaintiff placed her shoes at the foot of the mattress, which was then situated approximately five feet from the edge of a stairwell bordered by a handrailing with no vertical slats or spindles (hereinafter the open railing) that is at heart of the plaintiff's claim against the defendants. At approximately 2:00 A.M., the plaintiff rose from her mattress in such a way that she was standing with her back to the open railing and stumbled over her shoes, falling backwards onto her backside. According to the plaintiff, she continued her backwards motion, going through the open area under the railing, and fell to the landing below. The plaintiff claims that the open railing was a substantial factor in causing her accident and that the defendant breached his duty of reasonable care by allowing a railing that was adjacent to a stairwell to have no protective slats, spindles, or other safeguards.

The defendants moved for summary judgment claiming no breach of duty to the plaintiff and further claiming that the subject open railing was not a proximate cause of the plaintiff's accident. The Supreme Court granted the defendants' motion and we affirm.

The defendants assert that the premises was maintained in a reasonably safe condition and that a railing without slats or spindles is not a defect. However, the only proof offered by the plaintiff in opposition is her opinion that a three-foot high open railing at the edge of a stairwell is a dangerous condition. Also, there is no claim that the subject railing failed to serve as an adequate handrail, or that it violated the building code.

Furthermore, there is deposition testimony that the defendants never received a complaint about it.

As the Supreme Court correctly stated, there is no factual basis from which the inference of negligence can be drawn against these defendants (*see Martinez v Trustees of Columbia Univ. in City of N.Y.,* 271 AD2d 223). Furthermore, by the plaintiff's own admission, it was not the railing that caused her to fall (*see Jacobsohn v New York Hosp.,* 250 AD2d 553). Her mattress was positioned in a strange place, in the living room, only five feet from the side edge of the stairwell, and, when she tried to get up in the middle of the night, she tripped backwards over her own shoes, which were located just where she had placed them before going to sleep. While the open railing may have created the occasion for the accident, it was not its cause (*see Rivera v City of New York,* 11 NY2d 856).

Accordingly, the defendants met their burden of establishing their entitlement to judgment as a matter of law and the plaintiff, in opposition, failed to raise an issue of fact that would require a trial of the action (*see Alvarez v Prospect Hosp.,* 68 NY2d 320). Friedmann, J.P., H. Miller, Cozier and Mastro, JJ., concur.