■ LOYDA RODRIGUEZ et al., Plaintiffs, v SUFFOLK COUNTY et al., Defendants, and RECKSON OPERATING PARTNERSHIP, L.P., Defendant and Third-Party Plaintiff-Respondent. AQUA COOL, Third-Party Defendant-Appellant. [760 NYS2d 515] —In an action to recover damages for personal injuries, etc., the third-party defendant, Aqua Cool, appeals from an order of the Supreme Court, Suffolk County (Burke, J.), dated May 28, 2002, which denied its motion for summary judgment dismissing the third-party complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the third-party complaint is dismissed.

While walking towards a building owned by the defendant third-party plaintiff, Reckson Operating Partnership, L.P. (hereinafter Reckson), the plaintiff Loyda Rodriguez (hereinafter the plaintiff), was injured when she stepped off a concrete walkway into a hole in the adjacent grassy area. At her examination before trial, the plaintiff testified that she moved off the sidewalk when she noticed a deliveryman approaching her from the other direction with a cart filled with water bottles. The plaintiffs commenced this lawsuit against Reckson, the tenants in the building, and the company who performed landscaping services on the property. Thereafter, Reckson brought a third-party action against Aqua Cool. In the third-party complaint Reckson alleged that Aqua Cool employed the water deliveryman in question and that plaintiff's injuries "were caused by the carelessness and negligence of the [third-party] defendant." Reckson sought indemnification or contribution from Aqua Cool. Aqua Cool moved for summary judgment dismissing the third-party complaint arguing, in part, that it owed no duty to the plaintiff. The Supreme Court denied the motion. We reverse.

Aqua Cool established its prima facie entitlement to summary judgment by demonstrating that it breached no duty either to the plaintiff or Reckson. Although the plaintiff decided to move off the sidewalk, there is no indication that she was

forced to do so by the approaching deliveryman or that it was even necessary for her to leave the sidewalk in order for both to pass by each other. Indeed, while the presence of the deliveryman and his cart upon the sidewalk "may have furnished the occasion upon which plaintiff was injured, it was not a legal cause of the accident" (*Davis v City of New York*, 281 AD2d 251 [2001]; *see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308 [1980]; *Napoli v Menicucci*, 299 AD2d 466 [2002], *lv denied* 99 NY2d 510 [2003]). In opposition to Aqua Cool's prima facie showing, Reckson failed to demonstrate the existence of any material issue of fact (*see Browne v Castillo*, 288 AD2d 415 [2001]). Therefore, since there is no proof that Aqua Cool caused or in any way contributed to the happening of plaintiff's accident, nor any question of fact in this regard, Aqua Cool was entitled to summary judgment dismissing the third-party complaint (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Davis v City of New York*, *supra*; *DiMarco v New York City Health & Hosps. Corp.*, 187 AD2d 479 [1992]). Santucci, J.P., Feuerstein, McGinity and Schmidt, JJ., concur.