■ EDWIN FLORES et al., Respondents, v JOHN BAROUDOS et al., Appellants, et al., Defendant. (And a Third-Party Action.) [811 NYS2d 757]—

In an action to recover damages for personal injuries, etc., the defendants John Baroudos and Anna Baroudos appeal from so much of an order of the Supreme Court, Kings County (F. Rivera, J.), dated March 11, 2005, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendant is severed.

John Baroudos and Anna Baroudos (hereinafter the appellants) owned premises located at 5814 Fifth Avenue in Brooklyn, which they leased to Angelo Chino. Chino operated the Ricky Record Shop at the premises. A video game machine was placed on a wheeled cart on the public sidewalk abutting the premises. The infant plaintiff was injured while playing the video game when another boy banged into the machine, causing it to fall on the infant plaintiff.

An owner of land does not, solely by reason of being an abutting owner, owe a duty to keep the public sidewalk in a safe condition. Rather, "[l]iability may only be imposed on the abutting landowner where the landowner either (a) created the defective condition, (b) voluntarily but negligently made repairs, (c) created the defect through special use, or (d) violated a statute or ordinance which expressly imposes liability on the abutting landowner for failure to repair" (*Loforese v Cadillac*

*Fairview Shopping Ctrs., U.S.,* 235 AD2d 399, 399-400 [1997]; *see Cahill v Foodland Deli of L.I.,* 270 AD2d 445 [2000]). Additionally, as an out-of-possession landlord, the appellants cannot be held liable unless they exercised some control over the sidewalk or were contractually obligated to repair unsafe conditions (*see Dufficy v Wharf Bar & Grill,* 217 AD2d 646 [1995]). A landlord's reservation of the right to re-enter, inspect, and make repairs, may subject a landlord to liability, provided the plaintiff shows that the landlord breached specific provisions of the Administrative Code of the City of New York (*id.*).

The appellants established their prima facie entitlement to judgment as a matter of law. In opposition, the plaintiffs failed to present evidence sufficient to raise a triable issue of fact as to the appellants' liability. The plaintiffs presented no evidence that the owners received a benefit from the record shop's use of the public sidewalk. Also, the lease placed responsibility on the tenant to maintain the sidewalk and the plaintiff did not allege a violation of the Administrative Code of the City of New York. Adams, J.P., Ritter, Santucci and Lunn, JJ., concur.