■ Lorraine Rocco, Appellant, v Russell Marder, Defendant, and Linda Marder, Respondent. [839 NYS2d 803]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Richmond County (McMahon, J.), dated January 27, 2006, which granted the motion of the defendant Linda Marder for summary judgment dismissing the complaint insofar as asserted against her, and (2) a judgment of the same court dated March 2, 2006, which, upon the order, dismissed the complaint insofar as asserted against the defendant Linda Marder.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant Linda Marder.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Generally, liability for injuries sustained as a result of dangerous and defective conditions on public sidewalks is placed on the municipality and not the abutting landowner (*see Hausser v Giunta,* 88 NY2d 449, 452-453 [1996]; *Bruno v City of New York,* 36 AD3d 640 [2007]). However, an abutting landowner will be liable to a pedestrian injured by a defect in a sidewalk where the landowner negligently constructed or repaired the sidewalk, otherwise caused the defective condition, including causing the defect to occur by some special use of the sidewalk, or breached a specific ordinance or statute which obligated the owner to maintain the sidewalk (*see Hausser v Giunta, supra* at 452-453; *Cannizzaro v Simco Mgt. Co.,* 26 AD3d 401 [2006]; *Nichilo v B.F.N. Realty Assoc., Inc.,* 19 AD3d 666 [2005]; *Packer v City of New York,* 282 AD2d 587 [2001]). An out of possession owner cannot be held liable unless she exercised some control over the sidewalk or was contractually obligated to repair the unsafe condition (*see Flores v Baroudos,* 27 AD3d 517 [2006]; *Beda v City of New York,* 4 AD3d 317 [2004]).

The defendant Linda Marder submitted evidence sufficient to establish, prima facie, that she was an out of possession owner who did not retain control over the sidewalk area and had no duty to maintain the sidewalk (*see Beda v City of New York, supra; Schreiber v Goldlein Realty Corp.,* 251 AD2d 315 [1998]). In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact. Rivera, J.P., Krausman, Skelos and Balkin, JJ., concur. [*See* 12 Misc 3d 1156(A), 2006 NY Slip Op 50934(U) (2006).]