■ FLORENCE TAUBENFELD et al., Appellants-Respondents, v STARBUCKS CORPORATION, Respondent-Appellant, and PARK PLAZA LARCHMONT, LLC, et al., Respondents. [851 NYS2d 512]—

Order, Supreme Court, New York County (Joan A. Madden, J.), entered July 25, 2007, which, in an action for personal injuries sustained in a trip and fall over a tree root located in a tree well cut out of a public sidewalk in front of premises owned by defendant landlords (Park Plaza) and leased to defendant restaurant (Starbucks), granted Park Plaza's motion for summary judgment, denied Starbucks' motion for summary judgment, and denied plaintiffs' cross motion to dismiss defendants' defenses under CPLR 1601 seeking to hold nonparty Village of Larchmont responsible for plaintiffs' damages, unanimously modified, on the law, to grant Starbucks' motion for summary judgment, and otherwise affirmed, except with respect to the defense under CPLR 1601, as to which the appeal is dismissed as academic, without costs. The Clerk is directed to enter judgment in favor of Starbucks dismissing the complaint as against it.

While the lease between Park Plaza and Starbucks required

the former to maintain the sidewalk and "landscaping," and assuming in plaintiffs' favor that the tree well in which the injured plaintiff tripped and fell is part of the sidewalk and/or landscape, the lease could not create a duty to the public that did not otherwise exist, and neither Park Plaza nor Starbucks owed a duty to the public to repair the protruding root over which plaintiff tripped, since neither created the root, or caused it to exist by reason of some special use of the sidewalk or tree well, or were obligated to maintain the sidewalk or tree well under some statute or ordinance (*see Montalvo v Western Estates*, 240 AD2d 45, 47 [1998]; *cf. Flores v Baroudos*, 27 AD3d 517, 518 [2d Dept 2006] [commenting that landlord may be held liable for injury caused by unsafe condition on area of sidewalk that tenant made special use of, if landlord was contractually obligated to maintain sidewalk]). Here, the lease created only a duty to maintain those portions of the sidewalk that Starbucks, for the purpose of providing outdoor seating for its customers, made special use of, but as to the remainder of the sidewalk, beyond Starbucks' outdoor seating, Park Plaza's duty was limited by Code of the Village of Larchmont, chapter 245, article IV ("Sidewalk Repairs"), § 245-19, which directs property owners to keep the sidewalk in front of their premises in good repair and safe condition for public use, but does not specifically create tort liability (*Montalvo*, 240 AD2d at 47 [landowner may not be held liable for negligence under ordinance or statute that charges landowner with duty to maintain sidewalk but does not "specifically state( ) that if the landowner breaches that duty (it) will be liable to those who are injured as a result of a sidewalk defect"]). Nor are any issues of fact raised as to whether Park Plaza derived a benefit from Starbucks' special use of the sidewalk (*see Flores*, 27 AD3d at 518). While Starbucks made special use of a portion of the sidewalk, by putting out two tables with two chairs each, the special use did not extend beyond the tables and chairs to the tree well where plaintiff fell, or to the people on the crowded sidewalk, some walking and others standing around Starbucks' tables chatting, and around whom, plaintiff asserts, she had to walk, diverting her path to the tree well (*see MacLeod v Pete's Tavern*, 87 NY2d 912 [1996]). Accordingly, we modify to dismiss as against Starbucks. In view of the foregoing, it is unnecessary to decide whether defendants have a defense under CPLR 1601 in relation to the purported duty of the Village of Larchmont, which had no prior written notice of the tree root (*see Barry v Niagara Frontier Tr. Sys.*, 35 NY2d 629 [1974]), to maintain the sidewalk. Concur—Lippman, P.J., Andrias, Nardelli, Buckley and Acosta, JJ. [*See* 2007 NY Slip Op 32286(U).]