# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**86**

**CA 10-01924**

PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

JERAD M. ZARNOCH, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JEFFREY J. WILLIAMS, STEVEN J. KLOSEK, AND
VARICK RESTAURANT, INC., DOING BUSINESS
AS THE VARICK BAR AND GRILL,
DEFENDANTS-APPELLANTS.

---

LEONARD & CUMMINGS, LLP, BINGHAMTON (HUGH B. LEONARD OF COUNSEL), FOR
DEFENDANT-APPELLANT JEFFREY J. WILLIAMS.

GOZIGIAN, WASHBURN & CLINTON, COOPERSTOWN (EDWARD GOZIGIAN OF
COUNSEL), FOR DEFENDANTS-APPELLANTS STEVEN J. KLOSEK AND VARICK
RESTAURANT, INC., DOING BUSINESS AS THE VARICK BAR AND GRILL.

EDWARD C. COSGROVE, BUFFALO, FOR PLAINTIFF-RESPONDENT.

---

Appeals from a judgment of the Supreme Court, Oneida County
(Anthony F. Shaheen, J.), entered January 27, 2010 in a personal
injury action. The judgment awarded plaintiff money damages upon a
jury verdict.

It is hereby ORDERED that the judgment so appealed from is
modified on the law by granting the post-trial motion of defendants
Steven J. Klosek and Varick Restaurant, Inc., doing business as The
Varick Bar and Grill, setting aside the verdict against those
defendants and dismissing the complaint against those defendants and
as modified the judgment is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for
injuries he sustained when he was struck by a motorcycle operated by
defendant Jeffrey J. Williams, after Williams had consumed alcoholic
beverages at a restaurant owned and operated by defendants Steven J.
Klosek and Varick Restaurant, Inc., doing business as The Varick Bar
and Grill (collectively, Varick defendants). Williams and the Varick
defendants each appeal from a judgment entered upon a jury verdict in
favor of plaintiff. We reject Williams' contention that Supreme Court
abused its discretion in permitting plaintiff's expert to testify
regarding the likelihood of plaintiff's need for future surgery. The
admissibility and scope of expert testimony rests within the sound
discretion of the court (*see De Long v County of Erie*, 60 NY2d 296,
307). " '[A] witness may testify as an expert if it is shown that he
[or she] is skilled in the profession or field to which the subject

relates[] and that such skill was acquired from study, experience[] or observation' " (*Karasik v Bird*, 98 AD2d 359, 362; *see Matott v Ward*, 48 NY2d 455, 459).  Plaintiff established that his medical expert possessed "the requisite skill, training, education, knowledge or experience from which it can be assumed that the information imparted or the opinion rendered is reliable" and that the testimony was in the acceptable form of an opinion concerning the need for future medical treatment (*Matott*, 48 NY2d at 459; *see Inzinna v Brinker Rest. Corp.* [appeal No. 2], 302 AD2d 967, 968-969; *Wroblewski v National Fuel Gas Distrib. Corp.*, 247 AD2d 917, 918).

We agree with the Varick defendants, however, that the court erred in denying their post-trial motion to set aside the verdict, and we therefore modify the judgment accordingly.  We conclude that the court erred in instructing the jury with respect to the special use doctrine.  The special use doctrine creates an exception to the general rule that the duty to keep public sidewalks in a reasonably safe condition and repair lies with municipalities when " 'permission [has been] given, by a municipal authority, to [abutting landowners to] interfere with a street solely for private use and convenience in no way connected with the public use' " (*Kaufman v Silver*, 90 NY2d 204, 207, quoting *Clifford v Dam*, 81 NY 52, 56-57).  When "the abutting landowner[s] 'derive[] a special benefit from that [public property] *unrelated* to the public use,' [they are] 'required to maintain' the used property in a reasonably safe condition to avoid injury to others" (*id.*, quoting *Poirier v City of Schenectady*, 85 NY2d 310, 315).  A special use is typically characterized by " 'the installation of some object in the sidewalk or street or some variance in the construction thereof' " (*Weiskopf v City of New York*, 5 AD3d 202, 203, quoting *Granville v City of New York*, 211 AD2d 195, 197; *see Melamed v Rosefsky*, 291 AD2d 602; 1A NY PJI3d 2:111, at 649).

Here, the accident occurred when Williams attempted to drive his motorcycle away from The Varick Restaurant after he had parked it on the sidewalk.  There is no indication in the record that the sidewalk had ever been altered in some way for the exclusive benefit of the Varick defendants, and plaintiff does not contend that he was injured by some defect in the structure or integrity of the sidewalk (*cf. Peretich v City of New York*, 263 AD2d 410).  Further, the record establishes that the Varick defendants neither directed Williams to park on the sidewalk nor had the authority to do so (*see* Vehicle and Traffic Law § 1202 [a] [1] [b]; *see also Pulka v Edelman*, 40 NY2d 781, 783, *rearg denied* 41 NY2d 901).  Thus, the Varick defendants had no duty to maintain, repair, supervise or control the sidewalk with respect to vehicles parked on it.  Plaintiff's position on the sidewalk "was no different from that of any other passerby" using the public sidewalk (*Rodriguez v Oak Point Mgt.*, 87 NY2d 931, 932).

All concur except FAHEY, J., who dissents in part and votes to affirm in the following Memorandum:  I respectfully dissent in part and would affirm the judgment inasmuch as I cannot agree with the majority that Supreme Court erred in instructing the jury with respect to the special use doctrine.

The accident giving rise to this action occurred on the night of May 5, 2005 while plaintiff was standing on a sidewalk outside two bars known colloquially as "The Stiefvater" and "The Varick."  The Varick is owned and operated by defendants Steven J. Klosek and Varick Restaurant, Inc., doing business as The Varick Bar and Grill (collectively, Varick defendants).  While plaintiff was standing on the sidewalk, defendant Jeffrey J. Williams exited The Varick and mounted his motorcycle, which was parked on the sidewalk.  Seconds later, plaintiff was struck by the motorcycle and pinned against the building.

The accident caused plaintiff to sustain significant injuries, including a left tibial shaft fracture, a broken right ankle and a broken right foot, and plaintiff subsequently underwent four surgeries related to those injuries.  Plaintiff commenced this action seeking damages for those injuries and, at trial, presented evidence establishing, inter alia, that motorcycles had been parked in front of The Varick on prior occasions.  Indeed, according to one of plaintiff's witnesses, motorcycles were regularly present on the sidewalk in front of The Varick on Thursdays, and plaintiff's accident occurred on a Thursday.  The trial testimony also established that The Varick catered in part to motorcyclists and used the area of the sidewalk where the accident occurred as a motorcycle parking area.

During its charge to the jury, the court instructed the jury with respect to the special use doctrine, i.e., that the Varick defendants, as the owners of the land abutting the sidewalk, could be subject to liability to the extent the sidewalk was used for their own special benefit.  The jury returned a verdict in favor of plaintiff and awarded him damages totaling approximately $850,000.  The Varick defendants subsequently moved to set aside the verdict on, inter alia, the ground that plaintiff failed to present evidence that would support a finding of special use.  The court denied the post-trial motion.

"Generally, 'an owner of land abutting [a public sidewalk] does not, solely by reason of being an abutter, owe to the public a duty to keep the [sidewalk] in a safe condition' " (*Keenan v Munday*, 79 AD3d 1415, 1417).  Nevertheless, under the special use doctrine, "where the neighboring landowner derives a special benefit from that public property which is unrelated to the public use, the landowner is required to maintain the property in a reasonably safe condition so as to avoid injury to others" (*id.; see Kaufman v Silver*, 90 NY2d 204, 207).

"A special use has been characterized as involving 'the installation of some object in the sidewalk or street or some variance in the construction thereof' " (*Weiskopf v City of New York*, 5 AD3d 202, 203).  The historical roots of the special use doctrine, however, rest in a desire to authorize the imposition of liability upon the owner of abutting land for injuries arising out of circumstances where that landowner *interferes* " 'with a street solely for private use and convenience in no way connected with the public use' " (*Kaufman*, 90 NY2d at 207, quoting *Clifford v Dam*, 81 NY 52, 56-57).  Indeed, types

of uses that have qualified as special uses include, inter alia, the placement on a sidewalk of a newspaper vending machine (*see Gerdowsky v Crain's N.Y. Bus.*, 188 AD2d 93, 95), newspaper racks (*see Curtis v City of New York*, 179 AD2d 432, *lv denied* 80 NY2d 753) and outdoor café seating (*see MacLeod v Pete's Tavern*, 87 NY2d 912, 914; *Taubenfeld v Starbucks Corp.*, 48 AD3d 310, 311, *lv denied* 10 NY3d 713), as well as the use of a sidewalk as a driveway (*see Campos v Midway Cabinets, Inc.*, 51 AD3d 843; *see also Murnan v Town of Tonawanda*, 34 AD3d 1296).  Consequently, I cannot agree with the majority to the extent that it concludes that the alteration of a sidewalk is a predicate to the special use of that sidewalk.

I also respectfully disagree with the majority to the extent that it concludes that the special use doctrine applies only where an injury is caused by a defective condition *in* the sidewalk.  At the core of the special use doctrine is the authorization of liability for *interference* with a street or sidewalk solely for private use.  The fact that a dangerous condition is *on*, but not *in*, a sidewalk is not dispositive of the question whether the special use doctrine applies (*see e.g. Montalvo v Western Estates*, 240 AD2d 45, 46-48; *Gerdowsky*, 188 AD2d at 95).

Finally, I respectfully disagree with the majority's conclusion that the court erred in charging the jury on the special use doctrine. There were several references in the testimony at trial to motorcycles having been parked on the sidewalk in front of The Varick on prior occasions.  Indeed, plaintiff presented evidence that motorcycles were regularly present on the sidewalk in front of The Varick on the day of the week that the accident occurred, and the evidence also established that The Varick used that part of the sidewalk where the accident occurred as a parking area for motorcycles.  Consequently, in my view, plaintiff presented evidence that would support a finding of special use (*cf. Warren v Leone*, 298 AD2d 980; *see generally Kaufman*, 90 NY2d at 207-208), and I would therefore affirm.

Entered:  April 1, 2011                        Patricia L. Morgan
                                                Clerk of the Court