*1375 Fahey, J. (dissenting in part).
I respectfully dissent in part and would affirm the judgment inasmuch as I cannot agree with the majority that Supreme Court erred in instructing the jury with respect to the special use doctrine.
The accident giving rise to this action occurred on the night of May 5, 2005 while plaintiff was standing on a sidewalk outside two bars known colloquially as “The Stiefvater” and “The Varick.” The Varick is owned and operated by defendants Steven J. Klosek and Varick Restaurant, Inc., doing business as The Varick Bar and Grill (collectively, Varick defendants). While plaintiff was standing on the sidewalk, defendant Jeffrey J. Williams exited The Varick and mounted his motorcycle, which was parked on the sidewalk. Seconds later, plaintiff was struck by the motorcycle and pinned against the building.
The accident caused plaintiff to sustain significant injuries, including a left tibial shaft fracture, a broken right ankle and a broken right foot, and plaintiff subsequently underwent four surgeries related to those injuries. Plaintiff commenced this action seeking damages for those injuries and, at trial, presented evidence establishing, inter alia, that motorcycles had been parked in front of The Varick on prior occasions. Indeed, according to one of plaintiffs witnesses, motorcycles were regularly present on the sidewalk in front of The Varick on Thursdays, and plaintiffs accident occurred on a Thursday. The trial testimony also established that The Varick catered in part to motorcyclists and used the area of the sidewalk where the accident occurred as a motorcycle parking area.
During its charge to the jury, the court instructed the jury with respect to the special use doctrine, i.e., that the Varick defendants, as the owners of the land abutting the sidewalk, could be subject to liability to the extent the sidewalk was used for their own special benefit. The jury returned a verdict in favor of plaintiff and awarded him damages totaling approximately $850,000. The Varick defendants subsequently moved to set aside the verdict on, inter alia, the ground that plaintiff failed to present evidence that would support a finding of special use. The court denied the post-trial motion.
“Generally, ‘an owner of land abutting [a public sidewalk] does not, solely by reason of being an abutter, owe to the public a duty to keep the [sidewalk] in a safe condition’ ” (Keenan v Munday, 79 AD3d 1415, 1417 [2010]). Nevertheless, under the special use doctrine, “where the neighboring landowner derives a special benefit from that public property which is unrelated to the public use, the landowner is required to maintain the property in a reasonably safe condition so as to avoid injury to others” (id.; see Kaufman v Silver, 90 NY2d 204, 207 [1997]).
*1376 “A special use has been characterized as involving ‘the installation of some object in the sidewalk or street or some variance in the construction thereof ” (Weiskopf v City of New York, 5 AD3d 202, 203 [2004]). The historical roots of the special use doctrine, however, rest in a desire to authorize the imposition of liability upon the owner of abutting land for injuries arising out of circumstances where that landowner interferes “ ‘with a street solely for private use and convenience in no way connected with the public use’ ” (Kaufman, 90 NY2d at 207, quoting Clifford v Dam, 81 NY 52, 56-57 [1880]). Indeed, types of uses that have qualified as special uses include, inter alia, the placement on a sidewalk of a newspaper vending machine (see Gerdowsky v Crain’s N.Y. Bus., 188 AD2d 93, 95 [1993]), newspaper racks (see Curtis v City of New York, 179 AD2d 432 [1992], lv denied 80 NY2d 753 [1992]) and outdoor café seating (see MacLeod v Pete’s Tavern, 87 NY2d 912, 914 [1996]; Taubenfeld v Starbucks Corp., 48 AD3d 310, 311 [2008], lv denied 10 NY3d 713 [2008]), as well as the use of a sidewalk as a driveway (see Campos v Midway Cabinets, Inc., 51 AD3d 843 [2008]; see also Murnan v Town of Tonawanda, 34 AD3d 1296 [2006]). Consequently, I cannot agree with the majority to the extent that it concludes that the alteration of a sidewalk is a predicate to the special use of that sidewalk.
I also respectfully disagree with the majority to the extent that it concludes that the special use doctrine applies only where an injury is caused by a defective condition in the sidewalk. At the core of the special use doctrine is the authorization of liability for interference with a street or sidewalk solely for private use. The fact that a dangerous condition is on, but not in, a sidewalk is not dispositive of the question whether the special use doctrine applies (see e.g. Montalvo v Western Estates, 240 AD2d 45, 46-48 [1998]; Gerdowsky, 188 AD2d at 95).
Finally, I respectfully disagree with the majority’s conclusion that the court erred in charging the jury on the special use doctrine. There were several references in the testimony at trial to motorcycles having been parked on the sidewalk in front of The Varick on prior occasions. Indeed, plaintiff presented evidence that motorcycles were regularly present on the sidewalk in front of The Varick on the day of the week that the accident occurred, and the evidence also established that The Varick used that part of the sidewalk where the accident occurred as a parking area for motorcycles. Consequently, in my view, plaintiff presented evidence that would support a finding of special use (cf. Warren v Leone, 298 AD2d 980 [2002]; see generally Kaufman, 90 NY2d at 207-208), and I would therefore affirm. Present—Smith, J.P., Fahey, Carni, Sconiers and Martoche, JJ.