Curiale v 786 Lexington Ave. Assoc. (2026 NY Slip Op 50271(U))

[*1]

Curiale v 786 Lexington Ave. Assoc.

2026 NY Slip Op 50271(U)

Decided on February 17, 2026

Supreme Court, Richmond County

Castorina, Jr., J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 17, 2026
Supreme Court, Richmond County

Jerome Curiale, Plaintiff,

against786 Lexington Avenue Associates, Project 61 Associates, Siren Management Corp., 
 Il Postino, Inc., and Apollo Construction & Dev. Inc., Defendants.

Index No. 150663/2024

Attorney for the Plaintiff:Rodney Stilwell 
Tracy & Stilwell, P.C. 
1110 South Ave Ste 100Staten Island, NY 10314 
Phone: (718) 720-7000 
E-mail: [email protected]Attorney for the Defendant 786 Lexington Avenue AssociatesJohn Patrick Clark 
Law Offices of Shahab Katirachi 
1 Penn Plaza, Suite 1503New York, NY 10119 
Phone: 845-260-4757 
E-mail: [email protected]Attorney for the Defendants Project 61 Associates/Siren Management Corp.Nicholas P. Calabria 
Ahmuty Demers & McManus 
200 I.U. Willets RoadAlbertson, NY 11507 
Phone: (516) 535-2413 
E-mail: [email protected]
Attorney for the Defendant Il Postino, Inc.Michael Paul DeCarlo 
Connors & Connors, P.C. 
766 Castleton AveStaten Island, NY 10310 
Phone: (718) 442-1700 
E-mail: [email protected]Attorney for the Defendant Apollo Construction & Dev. Inc.Burcu Maryam Kulaksiz 
Gallo Vitucci Klar LLP 
711 Third Avenue, Suite 500New York, NY 10017 
Phone: (212) 683-7100 
E-mail: [email protected]

Ronald Castorina, Jr., J.

I. Statement Pursuant to CPLR 2219 [a]
The following e-filed documents listed on NYSCEF (Motion No. 001) numbered 62-75, 137-142, 186; (Motion No. 002) numbered 80-106, 143-156, 162, 171-176, 185; and (Motion No. 003) numbered 107-134, 157-161, 163-170, 177-182, 187-188 were read on this motion. Oral argument was completed on January 29, 2026.
The following papers were considered on the motions determined herein: the respective notices of motion, affirmations in support, affirmations in opposition, reply affirmations, sur reply, and the exhibits annexed thereto.
II. Findings of Facts
This action arises from an alleged trip and fall on a public sidewalk in Manhattan, described in the motion record as abutting 135 and 137 East 61st Street and involving an area of missing sidewalk concrete and/or an exposed tree well condition. (NY St Cts Filing [NYSCEF] Doc No. 65). Plaintiff alleges resulting personal injuries. (see id).
The papers reflect that Apollo Construction & Development Inc. performed sidewalk replacement work in the vicinity of the restaurant operated by Il Postino, Inc., and that the parties dispute the genesis of the condition and the respective duties owed by the several defendants concerning the sidewalk and tree well area. (NY St Cts Filing [NYSCEF] Doc No. 66; 99; 101).
Depositions were conducted. Post-deposition demands were served. Apollo contends that discovery remained outstanding at the time of certification and seeks vacatur of the Note of Issue (NY St Cts Filing [NYSCEF] Doc No. 73) under 22 NYCRR § 202.21 [e] as well as discovery relief. Plaintiff opposes, maintaining that plaintiff's discovery obligations were satisfied and that an IME occurred. Apollo's reply emphasizes that co-defendant discovery remains incomplete.
Project 61 Associates and Siren Management Corp. move for summary judgment dismissing plaintiff's claims and all cross-claims, and further seek contractual indemnification against Il Postino predicated upon lease provisions.
Il Postino moves for summary judgment dismissing the complaint and all cross-claims, contending, inter alia, that any sidewalk encroachment (planters, tables, chairs) did not proximately cause the accident and merely furnished the occasion for the occurrence, relying [*2]upon the "furnished the condition" line of authority cited in its papers (including Wood v City of New York, 98 AD3d 845 [1st Dept 2012], Rodriguez v Suffolk County, 305 AD2d 574 [2d Dept 2003], and Davis v City of New York, 281 AD2d 251 [1st Dept 2001]), and further relies on authorities such as Lopez v City of New York, (19 AD3d 301 [1st Dept 2005]) and Post v City of New York, (49 AD2d 734 [1st Dept 1975]) regarding proximate cause and duty in the context argued. 
III. Conclusions of Law
I. Motion Sequence No. 1 - Apollo Construction & Development Inc.
Apollo's principal request is the vacatur of the Note of Issue pursuant to 22 NYCRR § 202.21 [e]. The rule provides that, within twenty days after service of a note of issue and certificate of readiness, any party may move to vacate the note of issue upon an affidavit showing in what respects the case is not ready for trial; further, the court may vacate a note of issue if a material fact in the certificate of readiness is incorrect or the certificate fails to comply in a material respect. 
Apollo's papers invoke the proposition that a note of issue "should be vacated" where it is predicated upon a certificate of readiness containing erroneous facts such as that discovery has been completed when it has not, citing Drapaniotis v 36-08 33rd Street Corp., (288 AD2d 254 [2d Dept 2001]), and further cite Garofalo v Mercy Hosp., (271 AD2d 642 [2d Dept 2000]), and Vargas v Villa Josefa Realty Corp., 28 AD3d 389 [1st Dept 2006]) for the principle that a certificate acknowledging outstanding discovery is defective.
Those authorities, as marshaled by Apollo, reflect the salutary principle that certification is not an exercise in aspiration; it is a representation of readiness. The Court does not quarrel with the doctrinal scaffolding. But the dispositive question is remedial: whether the circumstances, as framed by these submissions, warrant the extraordinary procedural sanction of removing the case from the trial calendar, or whether any asserted incompleteness of discovery is more appropriately addressed through targeted disclosure enforcement.
The motion record confirms substantial case progression, including depositions. Plaintiff's opposition squarely asserts that plaintiff has "fully responded" to Apollo's post-EBT demands and that an IME occurred. (Whether Apollo accepts that contention is beside the point for this remedial inquiry; the salient feature is that plaintiff disputes the premise that plaintiff is the cause of trial un-readiness.) The reply, for its part, presses that certain co-defendants' post-EBT responses remain outstanding.
Where parties clash over the completeness of discrete items of disclosure, the CPLR provides a calibrated instrument: CPLR § 3124 (to compel compliance) operating within the broad disclosure mandate of CPLR § 3101, which the Court of Appeals characterized as liberal, requiring "full disclosure of all matter material and necessary," and construed "material and necessary" to mean disclosure that is "useful" and "reasonable," not a straitjacket of admissibility, Allen v Crowell-Collier Publ. Co., (21 NY2d 403 [1968]). (This case reinforces that disclosure disputes are to be managed through disclosure orders, not by derailing certification absent a compelling showing.)
Indeed, the same compilation of discovery principles cited in the papers (CPLR § 3101 and the Allen v Crowell-Collier Publ. Co. standard) reinforces that the court's task is to superintend disclosure and to police gamesmanship, not to reflexively unring the bell of certification when the cure is a directed schedule and enforcement. In that posture, vacatur is properly reserved for those instances where the record demonstrates a material misstatement of [*3]readiness that would prejudice the adversary and render the case procedurally untriable.
Here, on the submissions presented, the Court reaches three conclusions:
1. The case has progressed through meaningful discovery, including depositions, such that it is not in the posture of an action certified at inception.2. The dispute is not framed as a wholesale deprivation of discovery from plaintiff, but rather as a contention that certain post-EBT and inter-party discovery items remain open.3. The asserted deficiency is remediable through CPLR § 3124, without the blunt instrument of striking the case from the trial calendar.Accordingly, while Apollo correctly cites 22 NYCRR § 202.21 [e] and vacatur authorities (see Drapaniotis v 36-08 33rd Street Corp., 288 AD2d 254 [2d Dept 2001]; Garofalo v Mercy Hosp., 271 AD2d 642 [2d Dept 2000]; Vargas v Villa Josefa Realty Corp., 28 AD3d 389 [1st Dept 2006]), those authorities do not compel vacatur on this record. Vacatur is denied, and any remaining discovery disputes are to be addressed—if necessary—through appropriate disclosure enforcement rather than by undoing certification.
Motion Sequence No. 1 is DENIED.
II. Motion Sequence No. 2 - Project 61 Associates and Siren Management Corp.
A. Dismissal of the complaint and cross-claims as against Project 61 and Siren
The parties' submissions correctly emphasize that negligence is not an abstraction; it is a relational concept dependent upon duty, and the threshold inquiry is whether the alleged tortfeasor owed a duty of care to the injured party. The papers cite Levine v New York, (309 NY 88 [1955]), Sadowski v Long Island R. Co., (292 NY 448 [1944]), and Espinal v Melville Snow Contrs., (98 NY2d 136 [2002]) for this foundational proposition.
Project 61 and Siren premise their application on the statutory regime invoked in the papers: NYC Administrative Code § 7-210, combined with NYC Administrative Code § 19-152, which the motion record characterizes as imposing a non-delegable duty upon property owners to maintain and repair abutting sidewalks and imposing liability for injuries resulting from a violation; the papers cite Collado v Cruz, (81 AD3d 542 [1st Dept 2011]) and Stein v 1394 Housing Corp., (31 Misc 3d 1224(A) [Sup Ct New York County 2011]) in that regard.
They further cite the out-of-possession owner line of cases for the proposition that liability may attach where control is exercised or there is a contractual obligation to repair, citing Flores v Baroudos, 27 AD3d 517 [2d Dept 2006], Beda v City of New York, (4 AD3d 317 [2d Dept 2004]), Rocco v Marder, 42 AD3d 516 [2d Dept 2007]), and Nikolaidis v La Terna Restaurant, (40 AD3d 827 [2d Dept 2007]).
But Project 61 and Siren's central factual-legal thesis is more elemental: the defect is located at 137 East 61st Street, abutting 786 Lexington, not at 133 East 61st Street, and therefore the statutory duty and the negligence duty they discuss do not attach to them on the facts they posit. 
On this motion record, the Court credits that this location issue is the fulcrum of the claimed duty. The Administrative Code regime cited by the parties is framed in abutting-owner terms; the duty is tethered to the sidewalk "abutting their property." Where, as here, the papers present the alleged defect as abutting a different property owner, the duty analysis, under the very authorities cited-does not permit liability to be imposed upon an entity that does not abut the defect location.
Accordingly, Project 61 and Siren have established entitlement to dismissal of plaintiff's [*4]complaint and all cross-claims against them based upon duty and locus as the parties framed it in the submitted motion record, and the opposing submissions do not raise a triable issue sufficient to defeat that showing on this motion.
B. Contractual indemnification against Il Postino
Project 61 and Siren also seek summary judgment on contractual indemnification based upon lease provisions, contending the lease requires Il Postino to indemnify certain parties for accidents occurring in the premises or on an "adjacent sidewalk."
Il Postino opposes that branch on two grounds grounded in the lease and locus as presented in the record: (i) the lease relates to 133 East 61st Street, while the defective condition is alleged to have existed at 137 East 61st Street; therefore the indemnification and insurance procurement provisions are inapplicable; and (ii) the lease language evidences an intent to indemnify the landlord and the landlord's managing agent, but "no intent" to indemnify Project 61 may be inferred from the language. 
That opposition is not a quibble; it is a direct challenge to the essential predicates of contractual indemnification under the contract as framed by the papers: coverage scope ("premises" and "adjacent sidewalk") and intended indemnitees. Those questions, on the present record, cannot be resolved as a matter of law without factfinding as to the relationship between the lease premises and the accident locus and without a definitive construction, on a full record, of whether Project 61 is within the class of indemnitees contemplated.
Accordingly, the Court denies summary judgment on contractual indemnification.
Motion Sequence No. 2 is granted to the extent of dismissing the complaint and cross-claims as against Project 61 and Siren, and denied as to contractual indemnification.
III. Motion Sequence No. 3 - Il Postino, Inc.
Il Postino's motion is anchored in two interlocking propositions advanced in its papers:
1. Proximate cause / "furnished the condition": Il Postino contends that the presence of planters (and tables and chairs) was not a proximate cause of the accident, and even if negligent, merely furnished the condition or occasion for the occurrence; the papers cite Lopez v. City of New York, (19 AD3d 301 [1st Dept 2005]), Davis v City of New York, (281 AD2d 251 [1st Dept 2001]), Post v City of New York, (49 AD2d 734 [1st Dept 1975]), Wood v City of New York, (98 AD3d 845 [1st Dept 2012]), and Rodriguez v Suffolk County, (305 AD2d 574 [2d Dept 2003]).2. Duty / creation / special use: Il Postino argues it had no duty to maintain the exposed dirt/tree well area, did not create the condition, did not negligently repair it, and did not cause it to occur through special use; it contends the planters did not block passage or compel plaintiff to step into the area.That is a substantial prima facie framework, if unopposed by competing proof. But the opposition submissions in this record (including the arguments excerpted elsewhere in the papers) place into dispute matters that are not collateral; they are elemental: whether the sidewalk environment was narrowed or channeled, whether the alleged encroachments altered pedestrian flow at precisely the locus of the fall, whether the condition was created or exposed through construction activity, and whether Il Postino's conduct and use are sufficiently connected to the occurrence to present a fact question on causation and duty.
The Court's task on this motion is not to decide which narrative is more persuasive; it is to determine whether Il Postino has eliminated triable issues. On this record, Il Postino's [*5]reliance on the "furnished the condition" cases (see Wood; Rodriguez; Davis; Lopez; Post) does not extinguish factual disputes where the opposing proof supports an inference that the sidewalk configuration and use could have contributed to the accident mechanism rather than merely existing in the background. 
Accordingly, triable issues of fact preclude summary judgment.
Motion Sequence No. 3 is denied.
IV. Conclusion and Decretal Paragraphs
For the foregoing reasons, it is hereby:
ORDERED that Motion Sequence No. 1 by defendant Apollo Construction & Development Inc. is DENIED in its entirety; and it is further
ORDERED that Motion Sequence No. 2 by defendants Project 61 Associates and Siren Management Corp. is GRANTED to the extent that plaintiff's complaint and all cross-claims are DISMISSED as against said defendants, and is otherwise DENIED as to the branch seeking contractual indemnification against Il Postino, Inc.; and it is further
ORDERED that Motion Sequence No. 3 by defendant Il Postino, Inc. is DENIED in its entirety.
This constitutes the Decision and Order of the Court.
Dated: February 17, 2026Staten Island, New YorkE N T E R,HON. RONALD CASTORINA, JR.JUSTICE OF THE SUPREME COURT