Garrido v 200 Lenox Ave., LLC

2026 NY Slip Op 02781

May 5, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Madalina Garrido et al., Plaintiffs-Appellants,

v

200 Lenox Avenue, LLC, Defendant, Barawine LLC, Defendant-Respondent.

Decided and Entered: May 05, 2026

Index No. 160673/20|Appeal No. 6511|Case No. 2024-06784|

Before: Webber, J.P., Moulton, Mendez, Higgitt, Michael, JJ.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Jack W. Lockwood II of counsel), for appellants.

Wade Clark Mulcahy, LLP, New York (Abed Z. Bhuyan of counsel), for respondent.

[*1]

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered October 22, 2024, which granted defendant Barawine LLC's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Plaintiff Madalina Garrido (plaintiff) alleges that on September 21, 2020, she tripped and fell over a crack on the public sidewalk next to a tree well and in front of defendant Barawine's sidewalk cafÉ. Plaintiff argues that Barawine's special use of the sidewalk left her no choice but to walk over the defective middle lane of the three-slab wide sidewalk because the outer lane was blocked by a tree well and the lane abutting the building was occupied by Barawine's umbrellas, tables, and chairs.

Barawine established its prima facie entitlement to judgment as a matter of law by submitting its lease with the building's owner, defendant 200 Lenox Avenue, LLC, stating that Barawine was not responsible for maintenance and repair of the sidewalk; an expert affidavit of an engineer who inspected the accident site and opined that there was sufficient clearance for plaintiff to walk around the alleged defect; and the deposition testimony of Barawine's owner, who stated that none of the tables across from the tree well would have diverted plaintiff's path. This evidence established as a matter of law that Barawine's special use of one portion of the sidewalk did not give rise to liability for plaintiff's fall, which occurred on a different portion of sidewalk (see Wood v City of New York, 98 AD3d 845, 847 [1st Dept 2012]; Taubenfeld v Starbucks Corp., 48 AD3d 310, 311 [1st Dept 2008], lv denied 10 NY3d 713 [2008]).

In opposition, plaintiffs failed to raise a triable issue of fact. When asked at her deposition why she fell, plaintiff testified only that her foot got stuck in a sidewalk crack. Given this testimony, Supreme Court properly declined to credit plaintiff's affidavit in opposition, which stated that Barawine's sidewalk cafÉ forced her to walk over the middle slab of the sidewalk where the crack extended from the tree well. Plaintiffs' argument on appeal that plaintiff was not given an opportunity to testify about the "accumulation" of tables and chairs is unpersuasive (see Smith v Costco Wholesale Corp., 50 AD3d 499, 501 [1st Dept 2008]). In addition, plaintiffs' own photographs of the sidewalk taken shortly after plaintiff's accident do not support the contention that any such accumulation existed.

Plaintiffs' contention that based on their photographs, Barawine's expert's measurements must be incorrect is raised for the first time on appeal and therefore is unpreserved. In any event, we reject the argument because plaintiffs' photographs do not provide any measurements or show the space between the tree well and the relevant portion of the sidewalk cafÉ.

We have considered plaintiffs' remaining contentions and find them unavailing.

[*2]

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 5, 2026