■ CHRISTOPHER RAMESAR, Appellant, v STATE OF NEW YORK, Respondent. [636 NYS2d 950] —Cardona, P. J. Appeal from an order of the Court of Claims (Benza, J.), entered September 16, 1994, which granted the State's motion for summary judgment dismissing the claim.

Claimant, maintaining that he won the $10 million prize for the "pick six" lottery (hereinafter Lotto) drawing held on July 17, 1993, commenced this action against the State alleging

breach of contract and negligence. Supreme Court granted the State's motion for summary judgment dismissing the claim, giving rise to this appeal.

We affirm. It is not disputed that claimant filled out and mailed to the Division of the Lottery an application to participate in the Division's subscription program. This program allows individuals to select combinations of numbers that are automatically entered in each Lotto drawing for a 15, 26 or 52-week period. It provides an alternative to individually purchasing Lotto tickets from authorized Division agents. Although claimant contends that he mailed his application on May 7, 1993, he admittedly did not receive confirmation of his subscription until July 28, 1993. The confirmation notice verified the numbers claimant had selected on his application and stated that the beginning date of his subscription would be August 7, 1993.

The Division's rules and regulations provide that "[v]alid Lotto subscription entries will be included in the Lotto game" (21 NYCRR 2817.14 [d]). In order to be a "valid subscription entry", the regulations state that the: "(a) * * * subscription *must* meet the following requirements: (1) The application and game numbers selected by the player must be entered on the appropriate [Division] computer file, which is the official record of subscription entry. (2) A membership confirmation is issued to the subscriber containing the game panels, game numbers, subscription start date and subscription end date, as recorded on the [Division] computer file of subscription records" (21 NYCRR 2817.16 [emphasis supplied]). The regulations also specifically state that "[t]he number selections in the [Division] computer file as they appear on the confirmation notice shall be the *only* numbers eligible for participation in the Lotto drawings" (21 NYCRR 2817.18 [b] [emphasis supplied]).

In this case, it is undisputed that claimant did not receive his confirmation notice until after the July 17, 1993 drawing. Two Division employees also averred and claimant does not dispute that there was no record of claimant's subscription in the computer's files immediately subsequent to the July 17, 1993 drawing. In addition, claimant's subscription application was date-stamped as received by the Division on July 21, 1993, four days after the Lotto drawing. Thus, clearly, under the Division's rules and regulations, claimant did not have a valid subscription entry until August 7, 1993 which was the beginning date listed in his confirmation notice. This is true regardless of *when* he mailed his subscription application. At the time of the July 17, 1993 drawing, his number selections were

not in the computer files and no confirmation notice had been issued to him. Claimant, therefore, did not qualify for the July 17, 1993 drawing.

In reaching this conclusion, we emphasize the "limited power of the court in cases such as this" (*Molina v Games Mgt. Servs.*, 58 NY2d 523, 529). Gambling in this State in general is prohibited (General Obligations Law § 5-401). The Lottery is authorized because it is operated with the specific purpose of raising funds for education (*see*, NY Const, art I, § 9; Tax Law § 1600 *et seq.*). Public policy continues to disfavor gambling; thus, the regulations pertaining thereto are to be strictly construed (*see, Molina v Games Mgt. Servs., supra*, at 529; *Craft v Capital Dist. Regional Off Track Betting Corp.*, 107 AD2d 952, 954). Notably, claimant does not challenge the propriety of the regulations (*see, Matter of Cramer v New York State Racing Assn.*, 136 AD2d 104) and they are binding on both the agency and the person affected; knowledge of the regulations' restrictions is presumed (*see, Craft v Capital Dist. Regional Off Track Betting Corp., supra*, at 954). Unfortunately, under the applicable regulations, claimant did not have a valid subscription entry at the time of the Lotto drawing at issue and, therefore, was ineligible to participate in the July 17, 1993 drawing. The Court of Claims thus properly granted the State's motion for summary judgment.

We also reject claimant's contention that the Court of Claims erred in granting summary judgment prior to discovery (*see*, CPLR 3212 [f]). Claimant failed to offer any evidentiary basis to support a claim that "facts essential to justify opposition [to the motion] may exist but [could not] then be stated" (CPLR 3212 [f]; *see, Harris v Alcan Aluminum Corp.*, 91 AD2d 830, *affd* 58 NY2d 1036). A mere hope that further discovery will disclose evidence that will prove claimant's case is insufficient (*see, Babcock v Allan*, 115 AD2d 297, 298).

A discussion of claimant's remaining arguments is unnecessary because they are either lacking in merit or have been rendered academic given our decision in this case.

Mikoll, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs. [162 Misc 2d 420.]