■ Leon G. Nadeau, Appellant, v Robert S. Connell, Respondent. [663 NYS2d 420] —White, J. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered December 6, 1996 in Rensselaer County, which, *inter alia*, partially granted defendant's motion for summary judgment and dismissed the first, second, fifth, sixth and seventh causes of action and a portion of the fourth cause of action of the complaint.

As limited by plaintiff's brief, the sole issue on this appeal is whether Supreme Court abused its discretion in granting defendant summary judgment dismissing most of plaintiff's seven causes of action without first affording plaintiff an opportunity to complete discovery.

This lawsuit arises out of events that took place in May 1992. According to plaintiff, following his discharge from the Veterans Administration Hospital where he was undergoing treatment for posttraumatic stress syndrome, he was approached by his friend Ervin White who advised him that defendant had a proposal for him. Defendant's proposal was that he purchase two parcels of land plaintiff owned in the Town of Pittstown, Rensselaer County, a 15-acre parcel on which a log cabin was situated (hereinafter parcel 1) and an undeveloped 55-acre parcel (hereinafter parcel 2). Ultimately, the parties entered into real estate purchase contracts wherein defendant agreed to purchase parcel 1 for $42,000 and to subdivide parcel 2, paying plaintiff $10,000 for each lot sold. The parcels were deeded to defendant on May 21, 1992; however, events did not

unfold as plaintiff envisioned since defendant abandoned plans to subdivide parcel 2 into a 32-unit mobile home park. Instead, defendant subdivided parcel 1 into two lots, selling one lot with the log cabin for $114,000, and also subdividing parcel 2 into three lots, selling a five-acre parcel for $30,000 and listing a 30-acre parcel for $64,500 and a 20-acre parcel for $44,000. Feeling aggrieved, plaintiff commenced this action alleging that defendant obtained title to the parcels through the use of undue influence, fraud and misrepresentations and had been unjustly enriched.

Three months after he served his answer, defendant moved for summary judgment. Plaintiff's attorney responded by pointing out that his client was incarcerated and that he had encountered difficulties in obtaining plaintiff's in-patient hospital records from the Veterans Administration. Because he felt that these records detailing plaintiff's psychiatric history, along with the pretrial depositions of defendant and White, were necessary to respond to the motion, he requested that Supreme Court deny the motion as premature pursuant to CPLR 3212 (f). Supreme Court denied the request, noting that plaintiff's medical records were solely within his control and that plaintiff did not provide an explanation for his inability to obtain them in a timely manner. Further, plaintiff failed to demonstrate how the pretrial depositions of defendant and White would lead to the discovery of relevant evidence which would warrant the dismissal of the motion.

Generally, CPLR 3212 (f) finds application where facts essential to justify opposition to a motion for summary judgment might exist but cannot be stated because they are in the exclusive knowledge or control of the moving party (see, Trustco Bank v Higgins, 191 AD2d 788, 789). Plaintiff cannot claim that defendant and White have exclusive knowledge of the events underlying this lawsuit since he was a participant in those events. Even if we overlook plaintiff's exclusive control of his own medical records, he provides no indication that their discovery will reveal evidence supporting his claim that he suffered from diminished mental capacity during the period encompassed in this lawsuit (see, Landes v Sullivan, 235 AD2d 657, 658). In fact, plaintiff's outpatient records covering the relevant period contain no references to his mental capacity, but only mention that he suffered from anxiety caused by his impending court case and that, after his discharge from the hospital, he was improved. Weighing these factors, we cannot say that Supreme Court abused its discretion in declining plaintiff's request to invoke CPLR 3212 (f).

Crew III, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.