■ EDWARD ROSER, Respondent, v CITY OF KINGSTON, Appellant. [674 NYS2d 877] —Mercure, J. Appeal from an order of the Supreme Court (Torraca, J.), entered May 9, 1997 in Ulster County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced this action to recover for injuries sustained when he slipped and fell on an icy sidewalk while attempting to place money in a parking meter maintained by defendant. Essentially conceding his inability to establish prior written notice of the purportedly dangerous condition, as required by Kingston City Charter § C-118, plaintiff opposed defendant's summary judgment motion with the assertions that no such notice was required because defendant was acting in a proprietary capacity in maintaining its parking meters or, alternatively, because of defendant's violation of Kingston City Code § 103-9, which requires abutting landowners to remove snow and ice from sidewalks. We conclude that plaintiff's assertions lack merit and that Supreme Court should have granted summary judgment in favor of defendant.

First, it is settled law that a city's parking regulations, including those relating to the installation, operation and maintenance of parking meters on public streets, constitute a proper exercise of its police powers (see, Vehicle and Traffic Law § 1640 [a] [6], [9]; General City Law § 20 [32] [c]; see generally, People v Randazzo, 60 NY2d 952; People v Grant, 306 NY 258, 260), leading ineluctably to the conclusion that defendant was acting in a governmental and not a proprietary capacity in maintaining the parking meters (see, Marona v Incorporated Vil. of Mamaroneck, 203 AD2d 337, 338; compare, Knapp v Fasbender, 1 NY2d 212, 226).

Second, in the absence of prior written notice or a showing that defendant affirmatively caused or created the dangerous condition, its failure to timely remove accumulations of ice or snow is not actionable (see, Bornt v Town of Pittstown, 248 AD2d 854; Lang v County of Sullivan, 184 AD2d 981). Finally, we agree with defendant that, in the absence of any express provision therefor, a violation of Kingston City Code § 103-9 imposes no tort liability (see, Montalvo v Western Estates, 240 AD2d 45; Appio v City of Albany, 144 AD2d 869, 870; Kiernan v Thompson, 137 AD2d 957, 958; see also, Hausser v Giunta, 88 NY2d 449).

Cardona, P. J., Crew III, Yesawich Jr. and Peters, JJ.,

concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.