◼ BARRY N. Cox et al., Appellants, v MICHAEL V. MALONEY, Doing Business as MICHAEL's LOCKSMITH SERVICE, et al., Respondents. [692 NYS2d 215] —Mercure, J. Appeal from an order of the Supreme Court (Canfield, J.), entered June 24, 1998 in Rensselaer County, which, *inter alia*, granted defendants' motions for summary judgment dismissing the complaint.

Plaintiffs brought this action to recover for personal injuries allegedly sustained by plaintiff Barry N. Cox when he slipped and fell on a sidewalk adjacent to property that was occupied by defendant Michael V. Maloney as his business premises and leased by him from defendants John Hauser and Rachel Hauser. The complaint alleges causes of action sounding in negligence and nuisance, both predicated upon defendants' alleged failure to remove an accumulation of snow and ice from the sidewalk. Following joinder of issue, the Hausers moved and Maloney cross-moved to dismiss the complaint for failure to state a cause of action or for summary judgment. Supreme Court granted the motions and dismissed the complaint. Plaintiffs appeal.

We affirm. It is fundamental law that the owner or occupier of premises will not be liable to a pedestrian injured by the unsafe or defective condition of a sidewalk abutting the premises unless the owner or occupier created the dangerous condition or caused the defect to occur because of some special use of the sidewalk, or unless a statute or ordinance requires maintenance of the sidewalk and provides for the imposition of liability upon a failure to do so (*see,* 1A NY PJI 2:111, comment, at 492, 496 [1999]; *see also, Bloch v Potter*, 204 AD2d 672). Here, in response to defendants' prima facie showing,

plaintiffs raised no genuine issue of fact concerning defendants' special use of the sidewalk or affirmative conduct in creating the dangerous condition and the municipal ordinance they rely upon, Cohoes City Code § 362, imposes no tort liability for a property owner's failure to remove snow and ice from an adjoining sidewalk (*see, Roser v City of Kingston*, 251 AD2d 936; *Montalvo v Western Estates*, 240 AD2d 45, 47). Accordingly, there is no basis in the record for a finding that defendants breached any duty to plaintiffs, whether pleaded under a negligence or a nuisance theory (*see, Copart Indus. v Consolidated Edison Co.*, 41 NY2d 564, 569; 81 NY Jur 2d, Nuisance, § 20, at 338).

Finally, we note that plaintiffs' mere speculation that discovery might possibly uncover some evidence to support their claim of liability did not require Supreme Court's denial of the motion as premature pursuant to CPLR 3212 (f) (*see, Eagen v Harlequin Books*, 229 AD2d 935; *Ramesar v State of New York*, 224 AD2d 757, 759, *lv denied* 88 NY2d 811; *Mazzaferro v Barterama Corp.*, 218 AD2d 643). In addition, plaintiffs have not demonstrated that any such evidence was in defendants' exclusive knowledge or control (*see, Nadeau v Connell*, 243 AD2d 1009).

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, with costs.