■ JEANNE CONSOLA, Appellant, v STATE OF NEW YORK, Respondent. [922 NYS2d 638]—

Stein, J. Appeal from an order of the Court of Claims (Collins, J.), entered January 29, 2010, which, among other things, granted defendant's motion for summary judgment dismissing the claim.

Claimant brought this claim against defendant seeking in

excess of $15 million in compensatory and punitive damages in connection with an instant lottery ticket she purchased. Claimant alleged that the ticket was a winning ticket and that, when she attempted to claim her prize, employees of the State Division of the Lottery refused to honor the ticket. After issue was joined, defendant moved for summary judgment dismissing the claim. The Court of Claims granted defendant's motion and this appeal by claimant ensued.

We affirm. Tax Law § 1604 (a) (4) authorizes the Division to promulgate regulations concerning the establishment and operation of the state lottery, including "[t]he manner of selecting the winning tickets." Knowledge of the regulations is presumed and the regulations are strictly construed and will be given the binding effect of law unless they are found to be unreasonable (*see Ramesar v State of New York*, 224 AD2d 757, 759 [1996], *lv denied* 88 NY2d 811 [1996]). As pertinent here, in order to constitute a winning lottery ticket, each "play symbol" on the ticket must match the "play symbol caption" beneath it (*see* 21 NYCRR 2805.8 [b]) and both must be fully legible and present in their entirety (*see* 21 NYCRR 2805.8 [c], [d]). In addition, a winning ticket "must not be . . . defective, or printed or produced in error" (21 NYCRR 2805.8 [r]). A ticket that fails to meet *any* of the requirements established by the regulations is not eligible for a prize (*see* 21 NYCRR 2805.8 [t]). Pursuant to 21 NYCRR 2805.9, the "sole and exclusive remedy of the bearer of [a] ticket" who disputes that a ticket is not a winner is replacement of the disputed ticket with an unplayed ticket of equal value at the sole discretion of the Division's Director.

Here, in support of its motion for summary judgment, defendant submitted, among other things, the affidavit of Jay Hemlock, the Division's Director of Security, together with a copy of claimant's lottery ticket and a copy of a "reconstruction" of the ticket performed at Hemlock's request. On the face of claimant's lottery ticket, it states that the ticket holder is eligible for the prize shown if any of the "winning numbers" matches any of "your numbers." The ticket appears to show the number 6 in both the "winning numbers" and "your numbers" sections and indicates a prize of $5 million. However, Hemlock alleged that the ticket was misprinted and, therefore, was not an actual winning ticket. Specifically, Hemlock explained that the ticket did not have a fully legible play symbol caption under the number that appeared to be a "6" (*see* 21 NYCRR 2805.8 [b], [d]). The ticket reconstruction further revealed that the play symbol that appeared to be a "6" should have been a "26" (*see* 21 NYCRR 2805.8 [c], [j]) and that the

validation number on claimant's ticket did not match the Division's official list of winning validation numbers (*see* 21 NYCRR 2805.8 [q]). Finally, defendant demonstrated that claimant's ticket was one of several thousand that were misprinted (*see* 21 NYCRR 2805.8 [r]). Accordingly, defendant asserted that claimant's sole remedy was a replacement ticket (*see* 21 NYCRR 2805.9). This evidence was sufficient to meet defendant's threshold burden of establishing its right to judgment as a matter of law (*see* CPLR 3212 [b]) and shifted the burden to claimant to demonstrate the existence of a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

In opposition to defendant's motion, claimant alleges various facts which she contends require a trial. However, even assuming the truth of her allegations, she has utterly failed to controvert the specific inadequacies of her ticket as established by defendant or the limitation on her remedy. Moreover, the Court of Claims correctly found that claimant had not challenged the reasonableness of the regulations (*see Ramesar v State of New York*, 224 AD2d at 759). We have also considered claimant's remaining contentions, including her procedural challenges, and, to the extent they are preserved, find them to be without merit.

Peters, J.P., Spain, Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.