■ JOSEPH D'ANTUONO et al., Appellants, v VILLAGE OF SAUGERTIES, Respondent, et al., Defendant. [956 NYS2d 264]—

Mercure, J.P.

We affirm. It is undisputed that the Village did not receive written notice of the dangerous condition, as required by Village Law § 6-628. Plaintiffs argue, however, that questions of fact exist regarding the applicability of the two exceptions to the statutory rule, which "is obviated where the plaintiff demonstrates that the municipality 'created the defect or hazard through an affirmative act of negligence' or that a 'special use' conferred a benefit on the municipality" (*Groninger v Village of Mamaroneck*, 17 NY3d 125, 127-128 [2011], quoting *Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]; *see Poirier v City of Schenectady*, 85 NY2d 310, 314-315 [1995]).

Regarding whether the Village created the condition, it submitted the deposition of Robert Ciarlante, its Superintendent of Public Works, who stated that the portion of the street on which plaintiff fell is a state highway that is maintained by the State of New York. Ciarlante further averred that, while the Village sometimes clears snow from the sides of the road as a courtesy, it had not done so for at least two weeks prior to plaintiff's fall, and submitted records to substantiate his assertion. Inasmuch as plaintiffs failed to submit any evidence demonstrating that the Village recently plowed the area or performed any other activity that created the dangerous condition, Supreme Court properly concluded that the first exception does not apply (*see Groninger v Village of Mamaroneck*, 17 NY3d at 129-130; *Roser v City of Kingston*, 251 AD2d 936, 936 [1998]; *cf. San Marco v Village/Town of Mount Kisco*, 16 NY3d 111, 117-118 [2010]). With respect to the special use exception, a municipality acts in a governmental capacity pursuant to its po-

lice powers, and not in a proprietary capacity, by maintaining parking meters (*see Roser v City of Kingston*, 251 AD2d at 936). Thus, the Village does not "derive[ ] a special benefit from that property unrelated to the public use," and the special use exception does not apply (*Poirier v City of Schenectady*, 85 NY2d at 315; *see Bogorova v Incorporated Vil. of Atl. Beach*, 51 AD3d 840, 840-841 [2008]; *Loiaconi v Village of Tarrytown*, 36 AD3d 864, 865 [2007]; *see generally ITT Hartford Ins. Co. v Village of Ossining*, 257 AD2d 606, 607 [1999]).

Finally, because plaintiffs failed to demonstrate "that further discovery might reveal material facts that are in defendant's exclusive possession," Supreme Court's grant of summary judgment to the Village was not premature (*Semzock v State of New York*, 97 AD3d 1012, 1013 [2012]). We have considered plaintiffs' remaining arguments insofar as they are relevant to this appeal, and find them to be lacking in merit.

Rose, Lahtinen, McCarthy and Egan Jr., JJ., concur. Ordered that the order and amended order are affirmed, without costs.