■ RANDALL L. ANDERSON, Respondent, v NIAGARA MOHAWK POWER CORPORATION, Appellant.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: Special Term erred in resettling its discovery order. Resettlement was inappropriate because it is available only to correct errors in form, or for clarification, not to effect substantive changes as was the case here *(see, Wilcox v County of Onondaga,* 132 AD2d 984; *Foley v Roche,* 68 AD2d 558).

Special Term further erred in denying defendant's motion for an order: (1) compelling compliance with the court's prior discovery order; (2) directing plaintiff to execute medical authorizations for the purpose of obtaining the records of Dr. Lever; and (3) permitting additional discovery with respect to Dr. Lever and Dr. Goren once their records have been produced and reviewed.

Having placed his physical and mental condition in controversy, plaintiff may not refuse to disclose material necessary for the defense *(see, Hoenig v Westphal,* 52 NY2d 605). "The test under CPLR 3101 (subd [a]) is whether the discovery sought is evidence 'material and necessary'; it is one of rele-

vancy or of usefulness and reason *(Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403, 406). Liberal and broad discovery is the rule" *(Zydel v Manges,* 83 AD2d 987). Here, the issues are whether the accident affected plaintiff's prior physical condition and whether the injuries claimed by plaintiff are permanent. The records sought are relevant to those questions and plaintiff has failed to demonstrate exceptional circumstances to rebut the presumption in favor of disclosure *(see, Cynthia B. v New Rochelle Hosp. Med. Center,* 60 NY2d 452). (Appeal from order of Supreme Court, Chautauqua County, Ricotta, J. —discovery.) Present—Doerr, J. P., Boomer, Green, Lawton and Lowery, JJ.