■ ROBERT M. SPILKY et al., Appellants, v TRW, INC., Respondent. [638 NYS2d 792]

The plaintiffs commenced this action against the defendant, TRW, Inc. (hereinafter TRW) in September 1987 and issue was joined in October 1987. On March 8, 1994, the court *sua sponte* directed the plaintiffs to serve and file a note of issue within 90 days, and stated that the failure to comply within 90 days could serve as a basis for dismissal pursuant to CPLR 3216.

As of August 14, 1994, 68 days after the expiration of the 90-day period in which they were to file a note of issue, the

plaintiffs had yet to file a note of issue. It was only after TRW notified the court of this fact and requested that it dismiss the action that the plaintiffs filed a note of issue. Along with the note of issue, the plaintiffs filed a certificate of readiness indicating that all necessary discovery had been completed. However, the plaintiffs had yet to serve interrogatories on TRW, as the parties had agreed. TRW subsequently moved to vacate the plaintiffs' note of issue and dismiss the action pursuant to CPLR 3216.

Contrary to the plaintiffs' contentions, the court properly vacated the note of issue and dismissed their complaint. The plaintiffs' certificate of readiness incorrectly stated that all pretrial discovery had been completed. Because this was a material fact, the court properly vacated the note of issue (see, 22 NYCRR 202.21 [e]; *Carte v Segall,* 134 AD2d 396; *see also, Levy v Schaefer,* 160 AD2d 1182, 1183).

Moreover, the court's March 8, 1994, directive placed the plaintiffs on notice that their failure to file a note of issue within 90 days would serve as the basis for dismissal of the action pursuant to CPLR 3216. Since the plaintiffs, who, according to the Supreme Court, "delayed and missed every deadline imposed", failed to file a note of issue until August 14, 1994, which, as noted above, was subsequently vacated, and showed neither a justifiable excuse for the delay nor a meritorious cause of action, we cannot say that the court improvidently exercised its discretion in dismissing their complaint (*see,* CPLR 3216 [e]). Bracken, J. P., Miller, Joy, Hart and Krausman, JJ., concur.