■ ANGELO GAROFALO et al., Appellants, v MERCY HOSPITAL et al., Respondents. [706 NYS2d 477] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Segal, J.), dated January 13, 1999, which granted the motion of the defendant Mercy Hospital to vacate the note of issue and to dismiss the action for want of prosecution.

Ordered that the order is affirmed, with costs.

The plaintiffs commenced this action against the defendant Mercy Hospital (hereinafter Mercy) and an unknown assailant in November 1996, and issue was joined by Mercy in December 1996. On July 7, 1998, Mercy served upon the plaintiffs a demand that, pursuant to CPLR 3216, they serve and file a note of issue within 90 days. On September 30, 1998, the plaintiffs filed a note of issue and certificate of readiness. Upon Mercy's motion, the Supreme Court vacated the note of issue and dismissed the action. We affirm.

Contrary to the plaintiffs' contentions, the court properly vacated the note of issue and dismissed the action. While the filing of a note of issue within 90 days precludes a court from dismissing the action (*see,* CPLR 3216 [c]; *Baczkowski v Collins Constr. Co.,* 89 NY2d 499, 503), here the plaintiffs' certificate of readiness incorrectly stated that all pretrial discovery had been completed when it had not been. Because this was a material fact, the filing of the note of issue was a nullity and therefore it was properly vacated (*see,* 22 NYCRR 202.21 [e]; *Spilky v TRW, Inc.,* 225 AD2d 539; *see also, Audiovox Corp. v Benyamini,* 265 AD2d 135). Further, in opposing the motion to dismiss, the plaintiffs failed to argue that in the event that the note of issue was properly vacated,

they had a meritorious claim and excusable delay (*see, Zelik v Policy Signing & Accounting Centre,* 258 AD2d 580). O'Brien, J. P., Altman, Friedmann, McGinity and Smith, JJ., concur.