■ Xavier Macancela et al., Respondents, v George Pekurar et al., Defendants, and Sofia Pekurar, Appellant. [728 NYS2d 700] —In an action to recover damages for personal injuries, etc., the defendant Sofia Pekurar appeals from an order of the Supreme Court, Queens County (Berke, J.), dated

October 11, 2000, which denied her motion pursuant to 22 NYCRR 202.21 (e) to vacate the plaintiffs' note of issue and dismiss the complaint insofar as asserted against her pursuant to CPLR 3126 for failure to comply with a conditional order of dismissal of the same court, dated March 2, 2000.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the note of issue is vacated, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The plaintiffs' certificate of readiness incorrectly stated that all pretrial discovery had been completed. Because this was a misstatement of a material fact, the filing of the note of issue was a nullity, and should have been vacated (*see,* 22 NYCRR 202.21 [e]; *Garofalo v Mercy Hosp.,* 271 AD2d 642; *Spilky v TRW, Inc.,* 225 AD2d 539).

In addition, as a consequence of the plaintiffs' failure to comply with a conditional order of dismissal, that order became absolute. To be relieved from the adverse impact of the order of dismissal, the plaintiffs had to demonstrate a reasonable excuse for their failure to comply with the discovery demands, and the existence of a meritorious cause of action (*see, Liotti v Ruk,* 282 AD2d 717; *Kepple v Hill Assocs.,* 275 AD2d 299). The plaintiffs did not meet this burden, and therefore, the complaint should have been dismissed insofar as asserted against the appellant.

The plaintiffs' remaining contentions are without merit. Ritter, J. P., Altman, McGinity, Smith and Cozier, JJ., concur.