■ PAULETTE BLACKWELL, Respondent, v LONG ISLAND COLLEGE HOSPITAL, Appellant. [756 NYS2d 769] —In an action to recover damages for dental malpractice, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Rosenberg, J.), dated September 17, 2002, as denied its motion to dismiss the complaint pursuant to CPLR 3216 and its separate motion to dismiss the complaint pursuant to CPLR 3126.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion to dismiss the complaint pursuant to CPLR 3216 is granted, and the motion to dismiss the complaint pursuant to CPLR 3126 is denied as academic.

The plaintiff commenced this dental malpractice action in December 1996, and issue was joined in January 1997. Approximately five years later, after the plaintiff failed to respond to any of the defendant's discovery demands, the defendant served the plaintiff with a demand pursuant to CPLR 3216 that she serve and file a note of issue within 90 days. On March 22, 2002, the plaintiff filed a note of issue and certificate of readiness. The defendant responded by making separate motions to dismiss the complaint pursuant to CPLR 3126 and 3216.

The Supreme Court should have granted the defendant's motion to dismiss the complaint pursuant to CPLR 3216. While the filing of a note of issue within 90 days precludes a court from dismissing the action (*see* CPLR 3216 [c]; *Baczkowski v Collins Constr. Co.,* 89 NY2d 499, 503 [1997]), here, the plaintiff's certificate of readiness incorrectly stated that all pertinent pretrial discovery had been waived. Because this was a false statement of a material fact, the filing of the note of issue was a nullity (*see Garofalo v Mercy Hosp.,* 271 AD2d 642 [2000]). Since the plaintiff did not timely file a proper note of issue, or move for an extension of time in order to avoid dismissal, the plaintiff was required to show a justifiable excuse for the delay and a meritorious cause of action (*see* CPLR 3216 [e]; *Aguilar v Knutson,* 296 AD2d 562 [2002]; *Werbin v Locicero,* 287 AD2d 617, 618 [2001]). The plaintiff failed to show either. Thus, the complaint should have been dismissed (*see Garofalo v Mercy Hosp., supra; see also Yona v Beth Israel Med. Ctr.,* 285 AD2d 460, 461 [2001]). Santucci, J.P., Krausman, McGinity, Schmidt and Crane, JJ., concur.