WARDELL SIMON, JR., Respondent, v CITY OF SYRACUSE POLICE DEPARTMENT, Appellant. [787 NYS2d 577]—

Appeal from an order of the Supreme Court, Onondaga County (John V. Centra, J.), entered September 16, 2003. The order denied defendant's motion to vacate the note of issue and to compel plaintiff to execute a current medical authorization.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted, the note of issue is vacated and plaintiff is directed to execute a current medical authorization.

Memorandum: After the original complaint in this personal injury action was dismissed for lack of personal jurisdiction, plaintiff re-served the summons and complaint and moved pro se for leave to reargue the summary judgment motion. Supreme Court denied the motion for leave to reargue but sua sponte vacated its prior order dismissing the complaint and reinstated

the note of issue and certificate of readiness previously filed by plaintiff. Defendant thereafter moved to vacate the note of issue and to compel plaintiff to sign a medical authorization.

The court erred in denying that part of defendant's motion that sought to vacate the note of issue. Under the circumstances, including the patent untruth of plaintiff's certification that discovery had been waived, was unnecessary, or had been completed, the court should not have reinstated the note of issue and certificate of readiness. Instead, the court should have exercised its power to treat the note of issue as a nullity and to vacate it sua sponte (*see* 22 NYCRR 202.21 [e]; *Gregory v Ford Motor Credit Co.*, 298 AD2d 496, 497 [2002]; *Macancela v Pekurar*, 286 AD2d 320, 321 [2001]; *Garofalo v Mercy Hosp.*, 271 AD2d 642 [2000]; *Covington v Covington*, 249 AD2d 735, 736 [1998]). In any event, defendant showed "good cause" for belatedly moving to vacate the note of issue (22 NYCRR 202.21 [e]; *see Hyman & Gilbert v Greenstein*, 138 AD2d 678, 681 [1988]). The court further erred in denying that part of defendant's motion that sought to compel plaintiff to execute a current medical authorization (*see Anderson v Niagara Mohawk Power Corp.*, 161 AD2d 1141, 1141-1142 [1990]; *Ebert v Bollman*, 106 AD2d 920 [1984]; *see generally* CPLR 3121 [a]; *Cynthia B. v New Rochelle Hosp. Med. Ctr.*, 60 NY2d 452, 456-457 [1983]; *Hoenig v Westphal*, 52 NY2d 605, 608-610 [1981]). Present—Hurlbutt, J.P., Scudder, Kehoe, Smith and Hayes, JJ.