In an action to recover damages for personal injuries, the defendant Village of Kings Point appeals from an order of the *719 Supreme Court, Nassau County (Martin, J.), entered June 19, 2008, which denied its motion pursuant to 22 NYCRR 202.21 to vacate the note of issue and certificate of readiness, and pursuant to CPLR 3124 to compel the plaintiff to comply with its discovery demands.
Ordered that the order is reversed, on the law, the facts, and in the exercise of discretion, with costs, and the motion of the Village of Kings Point to vacate the note of issue and certificate of readiness and to compel the plaintiff to comply with its outstanding discovery is granted.
The plaintiffs certificate of readiness incorrectly stated that all pretrial discovery, including physical examinations, had been completed. Inasmuch as this was a misstatement of a material fact, that branch of the motion of the appellant Village of Kings Point which was to vacate the note of issue and certificate of readiness should have been granted (see 22 NYCRR 202.21 [e]; Brown v Astoria Fed. Sav., 51 AD3d 961, 962 [2008]; Gregory v Ford Motor Credit Co., 298 AD2d 496, 497 [2002]; Spilky v TRW, Inc., 225 AD2d 539, 540 [1996]; Carte v Segall, 134 AD2d 396 [1987]).
Furthermore, the unopposed branch of the appellant’s motion which was to compel the plaintiff to comply with its discovery demands should have been granted (see Kalish v Manhasset Med. Ctr. Hosp., 100 AD2d 507, 508 [1984]). Fisher, J.P., Lifson, Covello, Balkin and Belen, JJ, concur.