■ Nawaz Furrukh et al., Respondents, v Forest Hills Hospital, Appellant, et al., Defendants. [966 NYS2d 497]—

In an action to recover damages for medical malpractice, etc., the defendant Forest Hills Hospital appeals, as limited by its brief, from stated portions of an order of the Supreme Court, Queens County (McDonald, J.), entered November 8, 2012, which, inter alia, denied that branch of its motion which was pursuant to CPLR 3216 to dismiss the complaint for failure to prosecute.

Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and that branch of the motion of the defendant Forest Hills Hospital which was pursuant to CPLR 3216 to dismiss the complaint for failure to prosecute is granted.

Pursuant to Uniform Rules for Trial Courts (22 NYCRR) § 202.21, a note of issue must be accompanied by a certificate of readiness, which must state that there are no outstanding requests for discovery and the case is ready for trial (*see* 22 NYCRR 202.21 [a], [b]). While the filing of a note of issue within 90 days after service upon the plaintiff of a written demand to serve and file the note of issue precludes a court from dismissing the action (*see* CPLR 3216 [c]; *Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 503 [1997]), here, the plaintiffs' certificate of readiness stated, inter alia, that discovery proceedings now known to be necessary were not completed, that there were outstanding requests for discovery, and that the case was not ready for trial. Since the certificate of readiness failed to materially comply with the requirements of 22 NYCRR 202.21, the filing of the note of issue was a nullity, and that branch of the appellant's motion which was to vacate the note of issue was properly granted (*see* 22 NYCRR 202.21 [b], [e]; *Blackwell v Long Is. Coll. Hosp.*, 303 AD2d 615, 616 [2003]; *Garofalo v Mercy Hosp.*, 271 AD2d 642 [2000]).

Having received a 90-day demand pursuant to CPLR 3216, the plaintiffs were required to file a proper note of issue or move, before the default date, to vacate the 90-day demand or to extend the 90-day period pursuant to CPLR 2004 (*see Cope v Barakaat*, 89 AD3d 670, 671 [2011]; *Gagnon v Campbell*, 86 AD3d 623, 624 [2011]; *Blackwell v Long Is. Coll. Hosp.*, 303 AD2d at 616; *Spilky v TRW, Inc.*, 225 AD2d 539, 540 [1996]). The plaintiffs failed to timely file a proper note of issue or make a motion in response to the 90-day demand. Thus, to avoid dismissal of the complaint, the plaintiffs were required to show a justifiable excuse for the delay and a potentially meritorious cause of action (*see* CPLR 3216 [e]; *Umeze v Fidelis Care N.Y.*, 17 NY3d 751 [2011]; *Baczkowski v Collins Constr. Co.*, 89 NY2d at 504; *Blackwell v Long Is. Coll. Hosp.*, 303 AD2d at 616; *Garofalo v Mercy Hosp.*, 271 AD2d at 642-643). The plaintiffs failed to demonstrate a justifiable excuse for their delay and default (*see Bhatti v Empire Realty Assoc., Inc.*, 101 AD3d 1066, 1067 [2012]; *Stallone v Richard*, 95 AD3d 875, 876 [2012]; *Fenner v County of Nassau*, 80 AD3d 555, 556 [2011]), and failed to submit an affidavit of merit from a medical expert sufficient to establish a potentially meritorious cause of action (*see Mosberg*

*v Elahi*, 80 NY2d 941 [1992]; *Reed v Friedman*, 117 AD2d 661 [1986]; *Vernon v Nassau County Med. Ctr.*, 102 AD2d 852 [1984]). Accordingly, that branch of the appellant's motion which was pursuant to CPLR 3216 to dismiss the complaint for failure to prosecute should have been granted.

In light of our determination, we need not reach the appellant's remaining contention. Angiolillo, J.P., Balkin, Austin and Miller, JJ., concur.