■ DUTCHESS TRUCK REPAIR, INC., et al., Appellant, v JOE BOYCE et al., Respondents, et al., Defendant. [991 NYS2d 639]—

In an action, inter alia, to recover damages for breach of a commercial lease, the plaintiffs appeal, as limited by their brief, (1) from so much of an order of the Supreme Court, Dutchess County (Pagones, J), dated December 14, 2011, as denied their motion to strike the answer of the defendants Joe Boyce, Sally Boyce, and Trans Star Enterprises, Inc., pursuant to CPLR 3126, to vacate their default in serving a timely reply to the counterclaim of the defendants Joe Boyce, Sally Boyce, and Trans Star Enterprises, Inc., and to compel those defendants to accept the plaintiffs' reply, and (2) from so much of an order of the same court dated September 21, 2012, as granted those branches of the motion of the defendants Joe Boyce, Sally Boyce, and Trans Star Enterprises, Inc., which were to strike the plaintiffs' note of issue and to dismiss the complaint insofar as asserted against them pursuant to CPLR 3216 for failure to prosecute.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

Where a party "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed," the court may, inter alia, strike that party's pleadings or portions thereof (CPLR 3126 [3]). However, "[t]he striking of a party's pleading is a drastic remedy only warranted where there has been a clear showing that the failure to comply with discovery demands was willful and contumacious" (*Arpino v F.J.F. & Sons Elec. Co., Inc.*, 102 AD3d 201, 210 [2012]; *see Silberstein v Maimonides Med. Ctr.*, 109 AD3d 812, 814 [2013]; *Zakhidov v Boulevard Tenants Corp.*, 96 AD3d 737, 739 [2012]; *Romeo v Barrella*, 82 AD3d 1071, 1075 [2011]; *Howe v Jeremiah*, 51 AD3d 975 [2008]). Because the plaintiffs

failed to demonstrate that the conduct of the defendants Joe Boyce and Sally Boyce was willful and contumacious, the Supreme Court properly denied that branch of the plaintiffs' motion which was to strike their answer pursuant to CPLR 3126.

"Upon the application of a party, the court may extend the time to appear or plead, or compel the acceptance of a pleading untimely served, upon such terms as may be just and upon a showing of reasonable excuse for delay or default" (CPLR 3012 [d]; see *EHS Quickstops Corp. v GRJH, Inc.*, 112 AD3d 577, 578 [2013]). Similarly, a court may relieve a party from an order on the basis of "excusable default, if such motion is made within one year after service of a copy of the . . . order with written notice of its entry upon the moving party" (CPLR 5015 [a] [1]). However, relief from a default is proper only where the party seeking relief demonstrates a reasonable excuse for the default and a potentially meritorious defense (see *Farhadi v Qureshi*, 105 AD3d 990, 991 [2013]; *Deutsche Bank Natl. Trust Co. v Gutierrez*, 102 AD3d 825 [2013]; *Deutsche Bank Natl. Trust Co. v Pietranico*, 102 AD3d 724, 725 [2013]).

Here, even assuming that the plaintiffs' excuse of law office failure was sufficient to excuse their failure to serve a timely reply to the counterclaim of the defendants Joe Boyce, Sally Boyce, and Trans Star Enterprises, Inc. (hereinafter collectively the defendants) (see *Michaels v Sunrise Bldg. & Remodeling, Inc.*, 65 AD3d 1021, 1023 [2009]; CPLR 2005), the Supreme Court properly declined to vacate their default and to compel acceptance of their reply. The record establishes that, after the defendants' rejection of the plaintiffs' reply to the counterclaim and the court's finding that they were in default, the plaintiffs waited nearly two years before moving to vacate their default and to compel the defendants to accept their reply. Because the plaintiffs proffered no reasonable excuse for their failure to promptly seek relief, the court providently exercised its discretion in denying those branches of the plaintiffs' motion (see *Nash v Port Auth. of N.Y. & N.J.*, 22 NY3d 220, 226 [2013]; *Karalis v New Dimensions HR, Inc.*, 105 AD3d 707, 708 [2013]).

"Where a party unreasonably neglects to proceed generally in an action or otherwise delays in the prosecution thereof against any party who may be liable to a separate judgment, or unreasonably fails to serve and file a note of issue, the court, on its own initiative or upon motion, may dismiss the party's pleading on terms" (CPLR 3216 [a]). Before doing so, the court or the party seeking such relief must serve a written demand to resume prosecution and to serve and file a note of issue within

90 days of receipt of such demand, and further advise the party upon whom such notice was served that failure to do so may result in dismissal of the action (*see* CPLR 3216 [b] [3]). Pursuant to 22 NYCRR 202.21 (a), an action will not be deemed ready for trial or inquest unless a note of issue is first filed, accompanied by a certificate of readiness stating that there are no outstanding requests for discovery and the case is ready for trial (*see* 22 NYCRR 202.21 [a], [b]; *Furrukh v Forest Hills Hosp.*, 107 AD3d 668, 669 [2013]).

On March 26, 2012, the Supreme Court, on its own initiative, and based upon the plaintiffs' repeated failure to file a compliant note of issue as directed, issued a 90-day notice requiring the plaintiffs to produce all outstanding discovery and file a note of issue. Although the plaintiffs filed a note of issue on June 9, 2012, the accompanying certificate of readiness, which stated that an appeal was pending with respect to discovery issues, did not comply with 22 NYCRR 202.21 (a) and (b) (*see Furrukh v Forest Hills Hosp.*, 107 AD3d at 669; *Brown v Astoria Fed. Sav.*, 51 AD3d 961, 962 [2008]; *Blackwell v Long Is. Coll. Hosp.*, 303 AD2d 615, 615-616 [2003]). The plaintiffs also failed to demonstrate that the complaint should not be dismissed based upon their failure to prosecute the action by proffering "a justifiable excuse for the delay and a meritorious cause of action" (*Blackwell v Long Is. Coll. Hosp.*, 303 AD2d at 616; *see Sharpe v Osorio*, 21 AD3d 467, 468 [2005]). Accordingly, the court properly granted that branch of the defendants' motion which was to strike the note of issue and, upon so doing, providently exercised its discretion granting that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against them pursuant to CPLR 3216 for failure to prosecute (*see Blackwell v Long Is. Coll. Hosp.*, 303 AD2d at 616; *Perez v Long Is. Jewish-Hillside Med. Ctr.*, 173 AD2d 530, 530-531 [1991]).

In light of the foregoing, we need not reach the plaintiffs' remaining contentions. Balkin, J.P., Chambers, Cohen and Duffy, JJ., concur.