■ VINCENT VARONE, an Infant, by His Mother and Natural Guardian, SANDRA VARONE, et al., Appellants, v MIDDLE COUNTRY CENTRAL SCHOOL DISTRICT, Respondent. [4 NYS3d 113]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Pitts, J.), dated November 5, 2012, which denied their motion pursuant to CPLR 3126 to strike the defendant's answer on the ground of spoliation of evidence, with leave to renew their motion to the extent of requesting the trial court to give a jury charge addressing the issue.

Ordered that the order is affirmed, with costs.

On September 14, 2008, the infant plaintiff allegedly was injured when he fell from a metal plank at a playground located at a school owned and operated by the defendant. After commencing this action, the plaintiffs demanded the production of any records concerning the school's playground, including any inspection checklists. The defendant initially responded that it would investigate the existence of these documents, but eventually responded, in a supplemental response to a notice for discovery and inspection, dated April 5, 2011, that none existed.

The defendant's head custodian testified at his deposition that in the course of his maintenance duties he created a "check-off sheet" called a "playground inspection sheet," every time he inspected the subject playground. The plaintiffs requested the production of the check-off sheets. The defendant's counsel sent a letter dated March 12, 2012, to the plaintiffs' counsel to accompany an affidavit by the head custodian in which he stated that he was unable to locate the playground inspection sheets "for the period of September 1, 2008, and September 14, 2008." Thereafter, the head custodian conceded that it was his policy to destroy the records at the end of each school year.

The Supreme Court providently exercised its discretion in denying the plaintiffs' motion pursuant to CPLR 3126 to strike the answer on the ground of spoliation of evidence, with leave to renew the motion to the extent of requesting the trial court to give a jury charge addressing the issue. As the Supreme Court properly concluded, the plaintiffs did not meet their burden of showing that they could not establish their causes of action without the playground inspection sheets (*see Dutchess Truck Repair, Inc. v Boyce*, 120 AD3d 543 [2014]). Skelos, J.P., Balkin, Hall and Maltese, JJ., concur.