ANTHONY POVEROMO, JR., Respondent, v KELLEY-AMERIT FLEET SERVICES, INC., Appellant. [5 NYS3d 885]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Mahon, J.), entered October 6, 2014, which granted the plaintiff's motion pursuant to CPLR 3126 to strike the answer based on its failure to comply with court-ordered discovery, to enter judgment in his favor on the issue of liability, and to set the matter down for an inquest on the issue of damages.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, and the plaintiff's motion is denied.

A court may strike a pleading as a sanction if a party "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed" (CPLR 3126 [3]; *see Wolf v Flowers*, 122 AD3d 728 [2014]; *Tos v Jackson Hgts. Care Ctr., LLC*, 91 AD3d 943, 943-944 [2012]; *Moray v City of Yonkers*, 76 AD3d 618, 619 [2010]). However, the drastic remedy of striking an answer is inappropriate absent a clear showing that the defendant's failure to comply with discovery demands was willful and contumacious (*see Bernardis v Town of Islip*, 95 AD3d 1050 [2012]; *Polsky v Tuckman*, 85 AD3d 750 [2011]; *Mazza v Seneca*, 72 AD3d 754 [2010]).

Here, there was no clear showing that the defendant's conduct was willful and contumacious. The record demonstrates that the defendant substantially complied with outstanding discovery requests, and was unable to produce certain records because they were not in its possession or control (*see Lomax v Rochdale Vil., Inc.*, 76 AD3d 999 [2010]; *Argo v Queens Surface Corp.*, 58 AD3d 656, 656-657 [2009]; *Maffai v County of Suffolk*, 36 AD3d 765, 766 [2007]). Furthermore, the plaintiff failed to demonstrate that the defendant lost or destroyed certain maintenance and repair records, or even that those mainte-

nance and repair records are lost or destroyed (*see Eremina v Scparta*, 120 AD3d 616, 618 [2014]). Accordingly, the Supreme Court improvidently exercised its discretion in granting the plaintiff's motion, inter alia, to strike the answer.

We have not considered the plaintiff's remaining contentions, which were improperly raised for the first time in his reply papers before the Supreme Court, or pertain to matter dehors the record (*see Matter of Valila v Town of Hempstead*, 107 AD3d 813, 814 [2013]; *Smith v County of Suffolk*, 61 AD3d 743 [2009]). Chambers, J.P., Hall, Cohen and Miller, JJ., concur.