■ HIKMAT ZUBAIDI et al., Respondents, v JAMIL HASBANI, Also Known as JIMMY HASBANI, Appellant, and MRM DEVELOPMENT CORP., Respondent. [23 NYS3d 893]—

In an action to recover damages for personal injuries, etc., the defendant Jamil Hasbani, also known as Jimmy Hasbani, appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated December 18, 2013, as granted that branch of the plaintiffs' cross motion which was pursuant to CPLR 3126 to strike his answer.

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and that branch of the plaintiffs' cross motion which was pursuant to CPLR 3126 to strike the answer of the defendant Jamil Hasbani, also known as Jimmy Hasbani, is denied.

The Supreme Court improvidently exercised its discretion in granting that branch of the plaintiffs' cross motion which was pursuant to CPLR 3126 to strike the answer of the defendant Jamil Hasbani, also known as Jimmy Hasbani, for failure to comply with discovery demands. The drastic remedy of striking an answer on this ground is inappropriate absent a clear showing that a defendant's failure to comply with discovery demands is willful and contumacious (*see Poveromo v Kelley-Amerit Fleet Servs., Inc.*, 127 AD3d 1048 [2015]; *Dutchess Truck Repair, Inc. v Boyce*, 120 AD3d 543 [2014]; *JPMorgan Chase Bank, N.A. v New York State Dept. of Motor Vehs.*, 119 AD3d 903 [2014]). Here, while the Supreme Court found that Hasbani failed to furnish his contract with a tile contractor pursuant to prior court orders, Hasbani testified at his deposition that his agreement with the tile contractor was oral. Thus, there was no clear showing that his failure to produce a written contract was willful or contumacious. Balkin, J.P., Dickerson, Miller and Hinds-Radix, JJ., concur.