■ CAMILLE RIZZO et al., Appellants, v BALISH & FRIEDMAN et al., Defendants. [61 NYS3d 257]—

In an action to recover damages for dental malpractice and lack of informed consent, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Dollard, J.), dated May 6, 2016, as denied their unopposed motion pursuant to 22 NYCRR 202.21 (e) to vacate the note of issue and certificate of readiness.

Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, without costs or disbursements, and the plaintiffs' motion pursuant to 22 NYCRR 202.21 (e) to vacate the note of issue and certificate of readiness is granted.

In this dental malpractice action, the Supreme Court issued a certification order dated March 30, 2016, which directed the plaintiffs to serve and file a note of issue and certificate of readiness within 48 hours "or the case is dismissed." The plaintiffs filed a note of issue and certificate of readiness within 48 hours, and within six days of the certification order, they moved to vacate the note of issue and certificate of readiness. The defendants did not oppose the motion. The court denied the plaintiffs' motion.

Pursuant to Uniform Rules for Trial Courts (22 NYCRR) § 202.21, a note of issue must be accompanied by a certificate of readiness, which must state that there are no outstanding

requests for discovery and the case is ready for trial (*see* 22 NYCRR 202.21 [a], [b]; *Furrukh v Forest Hills Hosp.*, 107 AD3d 668, 669 [2013]).

Here, the plaintiffs' certificate of readiness stated, among other things, that discovery proceedings had not been completed, that there were outstanding requests for discovery, and that the case was not ready for trial. Since the certificate of readiness failed to materially comply with the requirements of 22 NYCRR 202.21, the filing of the note of issue was a nullity (*see* 22 NYCRR 202.21 [b], [e]; *Dutchess Truck Repair, Inc. v Boyce*, 120 AD3d 543, 545 [2014]; *Furrukh v Forest Hills Hosp.*, 107 AD3d at 669; *cf. Garofalo v Mercy Hosp.*, 271 AD2d 642 [2000]).

Moreover, 22 NYCRR 202.21 (e) provides, in pertinent part, that within 20 days after service of a note of issue and certificate of readiness, a court may grant a party's motion to vacate the note of issue "upon affidavit showing in what respects the case is not ready for trial" and if "the certificate of readiness fails to comply with the requirements of this section in some material respect." Here, the plaintiffs timely moved to vacate the note of issue and supported the motion with an affidavit showing that the case was not ready for trial. Among other things, the plaintiffs demonstrated that substantial discovery remained outstanding, including the full depositions of the parties. Under these circumstances, the plaintiffs' unopposed motion to vacate the note of issue should have been granted (*see Singh v CBCS Constr. Corp.*, 137 AD3d 1250 [2016]). Mastro, J.P., Rivera, Sgroi and Maltese, JJ., concur.