Pinnock v Mercy Med. Ctr. (2020 NY Slip Op 01373)





Pinnock v Mercy Med. Ctr.


2020 NY Slip Op 01373


Decided on February 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2016-13403
2017-07141
 (Index No. 15379/12)

[*1]Shanique Pinnock, appellant, 
v
Mercy Medical Center, et al., defendants, Syed Ahmed, etc., respondent.


Stewart Law Firm, PLLC, Rosedale, NY (Nadira S. Stewart of counsel), for appellant.
Lewis Johs Avallone & Aviles, LLP, Islandia, NY (Brian J. Greenwood of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered November 18, 2016, and (2) an order of the same court entered May 26, 2017. The order entered November 18, 2016, insofar as appealed from, denied the plaintiff's motion pursuant to CPLR 3126 to strike the answer of the defendant Syed Ahmed, or, alternatively, for preclusion of evidence or an adverse inference instruction with regard to that defendant, for failure to comply with discovery. The order entered May 26, 2017, insofar as appealed from, denied that branch of the plaintiff's motion which was pursuant to 22 NYCRR 130-1.1(a) to impose sanctions against the defendant Syed Ahmed and his counsel for frivolous conduct and for an award of costs.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs.
In December 2012, the plaintiff commenced this action against the defendants to recover damages for medical malpractice. In March 2014, while discovery in this action was pending, the defendant Syed Ahmed was charged with multiple counts of Medicare fraud and remanded to the Federal Detention Center in Brooklyn. During his deposition in this medical malpractice action, held at the detention facility on May 16, 2016, Ahmed refused to answer numerous questions posed by the plaintiff's counsel on the basis of his Fifth Amendment privilege against self-incrimination. The plaintiff subsequently moved pursuant to CPLR 3126 to strike Ahmed's answer, or, in the alternative, for preclusion of evidence or an adverse instruction, as a sanction for his refusal to answer questions at the deposition. By order entered November 18, 2016, the Supreme Court denied the plaintiff's motion. The court noted, however, that the criminal charges pending against Ahmed had since been resolved by his conviction, and directed that he appear for a second deposition within 75 days. The second deposition was held at the detention facility on January 19, 2017. Following that deposition, the plaintiff moved, inter alia, pursuant to 22 NYCRR 130-1.1(a) to impose sanctions against Ahmed and his counsel for frivolous conduct on the ground that counsel made improper speaking objections during, and otherwise interfered with, the deposition, and for an award of costs. By order entered May 26, 2017, the court denied that [*2]branch of the plaintiff's motion. The plaintiff appeals from both orders.
The Supreme Court providently exercised its discretion in denying the plaintiff's motion pursuant to CPLR 3126 to strike Ahmed's answer or, alternatively, for preclusion of evidence or an adverse instruction as a sanction for Ahmed's invocation of his Fifth Amendment privilege against self-incrimination during the May 16, 2016, deposition. "Resolution of discovery disputes and the nature and degree of the penalty to be imposed pursuant to CPLR 3126 are matters within the sound discretion of the motion court" (Williams v Suttle, 168 AD3d 792, 793; see McNelis v Thomas, 171 AD3d 1038, 1039; Lazar, Sanders, Thaler & Assoc., LLP v Lazar, 131 AD3d 1133, 1133). CPLR 3126 permits a court to "strike an answer as a sanction if a defendant refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed'" (Mazza v Seneca, 72 AD3d 754, 754, quoting CPLR 3126; see Poveromo v Kelley-Amerit Fleet Servs., Inc., 127 AD3d 1048, 1048). "However, the drastic remedy of striking an answer is inappropriate absent a clear showing that the defendant's failure to comply with discovery demands was willful or contumacious" (Poveromo v Kelley-Amerit Fleet Servs., Inc., 127 AD3d at 1048; see Mazza v Seneca, 72 AD3d at 754; Dank v Sears Holding Mgt. Corp, 69 AD3d 557, 557).
Here, contrary to the plaintiff's contention, Ahmed's refusal to answer most questions during the May 16, 2016, deposition, which refusal was occasioned by his exercise of the privilege against self-incrimination, was not demonstrated to be willful or contumacious so as to warrant the sanctions sought (see Zubaidi v Hasbani, 136 AD3d 708, 708; Poveromo v Kelley-Amerit Fleet Servs., Inc., 127 AD3d at 1048). Accordingly, we agree with the Supreme Court's denial of the plaintiff's motion pursuant to CPLR 3126 to impose sanctions.
The Supreme Court also providently exercised its discretion in denying that branch of the plaintiff's motion which was pursuant to 22 NYCRR 130-1.1(a) to impose sanctions for frivolous conduct and for an award of costs. "In determining whether the conduct undertaken was frivolous, the court shall consider, among other issues the circumstances under which the conduct took place, including the time available for investigating the legal or factual basis of the conduct, and whether or not the conduct was continued when its lack of legal or factual basis was apparent, should have been apparent, or was brought to the attention of counsel or the party" (22 NYCRR 130-1.1[c]). Here, contrary to the plaintiff's contention, the conduct of Ahmed's counsel at the deposition held on January 19, 2017, while at times inappropriately argumentative, was not so egregious as to rise to the level of frivolous conduct sufficient to warrant the imposition of monetary sanctions and the award of costs pursuant to 22 NYCRR 130-1.1 (see Zhuoya Luo v Wensheng Wang, 176 AD3d 1016; Providence Wash. Ins. Co. v Munoz, 85 AD3d 1142, 1144). Accordingly, we agree with the Supreme Court's denial of that branch of the plaintiff's motion which was pursuant to 22 NYCRR 130-1.1(a) to impose sanctions for frivolous conduct and for award of costs.
The parties' remaining contentions are without merit.
MASTRO, J.P., LEVENTHAL, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court