Gibbon v 1515 Bedford Ave. Realty, LLC (2020 NY Slip Op 07869)





Gibbon v 1515 Bedford Ave. Realty, LLC


2020 NY Slip Op 07869


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-08791
 (Index No. 9583/15)

[*1]Gairy Gibbon, appellant, 
v
1515 Bedford Avenue Realty, LLC, respondent.


Mirman, Markovits & Landau, P.C. (Ephrem J. Wertenteil, New York, NY, of counsel), for appellant.
Ginsburg & Misk LLP, Queens Village, NY (Gerard N. Misk of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated May 25, 2018. The order, inter alia, in effect, denied, without prejudice to renew upon the completion of certain discovery, the plaintiff's motion for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6).
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action by summons and complaint dated June 20, 2015. The plaintiff alleged that, on or about May 4, 2015, he was injured in an accident at a work site managed by the defendant, 1515 Bedford Avenue Realty, LLC. The defendant joined issue by answering the complaint on or about September 21, 2015.
During the discovery phase of the litigation, both the plaintiff and the defendant's owner were deposed. A note of issue was allegedly filed on September 11, 2017, but the note of issue was not included in the record on appeal. There is also no record of the filing of a certificate of readiness.
By notice of motion dated November 7, 2017, the plaintiff moved for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6). In his motion papers, the plaintiff acknowledged that the deposition of nonparty Shay Shemesh, the project manager of the work site, had not been completed, but noted that Shemesh was in default of a subpoena and that a motion to preclude him from testifying or submitting an affidavit was pending (hereinafter the preclusion motion). As a result of the preclusion motion, Shemesh appeared for a court-ordered deposition on February 8, 2018. At Shemesh's deposition, Shemesh produced certain photographs and gave the names of two alleged witnesses to the accident that had not been previously disclosed.
On or about April 5, 2018, the defendant opposed the plaintiff's motion for summary judgment. Annexed to the opposition papers were the transcript of Shemesh's deposition, an affidavit from Shemesh, affidavits from the two alleged witnesses, and the photographs produced [*2]at Shemesh's deposition. In reply, the plaintiff argued, inter alia, that the affidavits of the two alleged witnesses and certain photographs should be rejected, as they were produced after the note of issue had been filed.
In an order dated May 25, 2018, the Supreme Court directed the defendant to produce the two alleged witnesses for deposition and, in effect, denied the plaintiff's motion for summary judgment with leave to renew upon the completion of those depositions. The plaintiff appeals.
Based upon the order appealed from, which was not determined on the merits, the only question before this Court is whether the Supreme Court properly denied the plaintiff's motion without prejudice in order to allow for additional discovery.
Under the circumstances presented, we agree with the Supreme Court's determination. "'Pursuant to Uniform Rules for Trial Courts, a note of issue must be accompanied by a certificate of readiness, which must state that there are no outstanding requests for discovery and the case is ready for trial'" (McKiernan v Vaccaro, 168 AD3d 827, 829, quoting Slovney v Nasso, 153 AD3d 962, 962). If the certificate of readiness fails to materially comply with the requirements of 22 NYCRR 202.21, the filing of the note of issue is a nullity (see McKiernan v Vaccaro, 168 AD3d at 829; Rizzo v Balish & Friedman, 153 AD3d 869, 870). Here, there is no indication in the record that a certificate of readiness was ever filed. However, even if one had been filed, the plaintiff admitted that certain discovery, specifically, the deposition of Shemesh, was still outstanding after the filing of the note of issue and as of the filing of his motion for summary judgment. As such, a certificate of readiness could not have materially complied with the requirements of 22 NYCRR 202.21. Therefore, as the note of issue in this matter was a nullity, the court did not improvidently exercise its discretion in ordering further discovery based upon the information derived from Shemesh's deposition, and we agree with the court's determination to deny the plaintiff's motion, without prejudice to renew, in order to permit depositions of the additional two alleged witnesses.
DILLON, J.P., LASALLE, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court